## Richmond

### Orlando M. Dorantes

### v.

### Commonwealth of Virginia

September 11, 1981.

Record No. 801656.

Present: All the Justices.

*Neil I. Title (Thomas J. Harrigan,* on brief), for appellant.
*Alan Katz, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

In a single jury trial, the defendant, Orlando M. Dorantes, was convicted of two offenses of robbery, one offense of conspiracy to commit robbery, and one offense of entering a banking house while armed with a deadly weapon with intent to commit larceny. Pursuant to the verdicts, the defendant was sentenced to serve 20 years in the penitentiary on each of the robbery convictions, 4 years on the conspiracy conviction, and 25 years on the weapons conviction. The issues on appeal involve (1) the admissibility of evidence of other offenses, and (2) the sufficiency of the evidence to support the weapons conviction.

The record shows that, on September 27, 1979, the defendant and an accomplice, Lintelus Brooks, robbed two tellers at a branch office of the Washington and Lee Savings and Loan Association in Arlington County. Both tellers relinquished control of money in their possession because they believed the robbers were armed. No weapon was observed, however, in the possession of either robber.

The robbers made their getaway in a waiting car. After a high-speed chase during which the defendant fired several shots at a pursuing police officer, the culprits were apprehended. Two handguns and several rounds of ammunition were found in the car.

Over the objection of defense counsel, the Commonwealth was permitted to show that the defendant and Brooks had robbed another Arlington County banking institution twice within a short period preceding the instant robbery. On the first occasion, no weapon was observed in the possession of either robber. On the second, the defendant pulled a gun when challenged by a bank employee.

The defendant contends it was error to admit evidence of the prior robberies. The evidence was offered below, the defendant argues, for the improper purpose of showing he was likely to commit the crimes for which he was currently on trial. Admission of the evidence, the defendant asserts, tended both to surprise him in his defense and to prejudice him before the jury.

■ The defendant relies upon the general rule that evidence of other offenses is inadmissible to prove guilt of the crime for which the accused is on trial. The defendant recognizes that "a number of exceptions exist to the general rule," but he argues that "none of these exceptions [is] properly applicable in this case."

We reject the defendant's argument. A well-recognized exception to the general rule permits introduction of evidence of other offenses "where the other crimes constitute a part of the general scheme of which the crime charged is a part." *Kirkpatrick* v. *Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Application of this exception is particularly appropriate where, as here, the accused is on trial upon a charge of conspiracy. *United States* v. *Stadter,* 336 F.2d 326, 328-29 (2d Cir. 1964), *cert. denied,* 380 U.S. 945 (1965). Thus, in the present case, evidence of other offenses was admissible under the "general scheme" exception and therefore competent to establish the conspiracy of the defendant and Brooks to rob banking institutions in the Arlington area, including the target of the instant robbery.

■ Remaining is the question whether the evidence is sufficient to support the defendant's conviction for entering a banking house while armed with a deadly weapon. The defendant contends the evidence is insufficient, even when the prior offenses are considered. The Attorney General contends that, given the evidence of the defendant's "unique method . . . used in prior robberies in

addition to the instant case," it is reasonable to infer that the defendant was armed during all the robberies and produced a weapon only when challenged or pursued.

We fail to see anything unique about the defendant's method of committing bank robberies. Certainly, the method was not sufficiently unique to support the inference that the defendant invariably carried a weapon when robbing banks.

In establishing guilt of an offense beyond a reasonable doubt, the Commonwealth has the burden of excluding every reasonable hypothesis of innocence. *Orange* v. *Commonwealth,* 191 Va. 423, 443, 61 S.E.2d 267, 276 (1950). Not excluded by the evidence in this case is the reasonable hypothesis the robbers left their weapons in the getaway car before entering the banking house involved in the instant robbery.

For the reasons assigned, the convictions for robbery and conspiracy will be affirmed. The conviction for entering a banking house while armed with a deadly weapon will be reversed, and the indictment covering that offense will be dismissed.

*Affirmed in part and reversed in part.*