**Norfolk**

KEITH GODWIN

v.

COMMONWEALTH OF VIRGINIA

No. 1040-85

Decided April 5, 1988

COUNSEL

Paul H. Ray, for appellant.

Lucy Allen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.** — In this appeal we decide that a defendant should not be required to defend two criminal charges in the same trial simply because they arose out of factually similar events. The trial court denied the defendant's motion to sever the trial of two robbery and two use of a firearm offenses which, though factually similar, were not part of a common plan. We reverse the convictions and remand the proceedings for new trials.

The offenses were similar in time and place. They occurred five days apart at two different Flowers Bakery stores, three and one-half miles apart. The first occurred on a Sunday at 1:00 p.m., and the second on a Friday at 4:40 p.m.

Two black males committed both offenses. In the first robbery, one of the two men was described as five feet five inches to five feet six inches tall, dark skin, and short, cropped hair. He wore no shirt, and had on light, faded blue jeans. The other man was described as five feet seven inches tall or taller, very thin build, very young, short hair, and wearing beige courduroy dress pants, and a pullover shirt. In the second robbery, one of the two men was described as five feet six inches to five feet eight inches tall, 160 pounds, with short, cropped black hair, thin build and in his early twenties. The other man was described as five feet ten inches to five feet eleven inches tall, 150 pounds, with short, cropped black hair and in his early twenties.

In both offenses an automatic pistol was used. In the first offense the weapon was described as gold or silver. In the second offense it was described as nickel-plated.

The method of each offense was similar, but not unusual. *See, e.g., Scaggs v. Commonwealth*, 5 Va. App. 1, 3, 359 S.E.2d 830, 830-31 (1987) (defendants wearing dark clothes, gloves and stocking masks ordered robbery victims at gunpoint to crouch on the floor). In both offenses, the two men ordered the clerks to lie on the floor, except for one whom they required to open the cash register and safe. In the second robbery, patrons who were present were required to lie on the floor with the clerks. In both instances the men entered the stores unmasked but placed stocking masks over their heads once inside.

During two pretrial hearings on the defendant's motion for sev-erance, in addition to the facts previously described, the Commonwealth's Attorney reported that the defendant had been convicted of four other robberies committed between July 31 and September 5, 1984. Presumably, these other robberies occurred in either Hampton, Suffolk, Chesapeake or Virginia Beach since defense counsel admitted that the defendant had been convicted "either five or six separate times recently . . . for felonies" in these Tidewater cities. No other facts and circumstances underlying these four robberies were disclosed. Thus, the four prior robbery convictions reveal only the defendant's propensity for crime and do not assist in deciding whether these two robbery charges should be tried together.

The Commonwealth's Attorney added that "[t]he circumstances, the mode of robbery, is in fact what led the detectives to concentrate on these defendants." This statement immediately followed a discussion of the two robberies being consolidated and, therefore, appears to refer to them rather than the four other robberies. However, even if the statement referred to the other four robberies, since it reveals none of the circumstances on which the detectives relied, it did not aid in deciding whether to try the two robbery charges together.

At the conclusion of the second pretrial hearing the trial court denied the defendant's motion to sever the trial of the offenses and ordered that all of the offenses be tried together. We conclude that the court erred in requiring one robbery to be tried simultaneously with the other.

■ A trial court has limited discretion to order an accused to be tried for more than one offense at the same time. Rule 3A:10(b);[1] *see Brown v. Commonwealth*, 223 Va. 601, 607, 292 S.E.2d 319, 322 (1982). The court may exercise this discretion only when justice does not "require separate trials" and (1) the Commonwealth's attorney and the accused consent to the charges being tried together or (2) the offenses meet the requirements of Rule 3A:6(b). Rule 3A:10(b). Since the accused did not consent to the charges being tried together, the trial court in this case could not try them together unless the offenses met the criteria of Rule 3A:6(b) and justice did not require separate trials.

---

[1] Rule 3A:10(b) was adopted effective January 1, 1972.

To meet the requirements of Rule 3A:6(b) the offenses must be based on "the same act or transaction, or on two or more acts or transactions that are connected, or constitute parts of a common scheme or plan." Rule 3A:6(b). These two robberies do not fall into any of these three categories.

The two robberies in this case do not meet "the same act or transaction" requirement since each of the robberies was a separate act which occurred at a different time and place. Each of the firearm charges was based on "the same act or transaction" as the robbery during which it occurred and could, therefore, be tried with the robbery charge.

The two robberies did not arise out of "two or more acts or transactions that are connected." They occurred on different days, at different places, and no evidence linked or connected the one robbery with the other. *Cf. Goughf v. State*, 232 Ga. 178, 180-81, 205 S.E.2d 844, 846 (1974).

Thus, these robberies met the requirements for joinder only if they "constitute parts of a common scheme or plan." We conclude they do not.

A similar requirement is used in the standard for severance contained in the American Bar Association's *Standards for Criminal Justice*.[2] This standard, which parallels our rules, provides a right to severance except where two or more offenses are "based upon the same conduct, upon a single criminal episode, or upon a *common plan*." 2 ABA *Standards for Criminal Justice* § 13-1.2., at 13.9 (Supp. 1986) (emphasis added). A "common plan" exists when the "relationship among offenses . . . is dependent upon the existence of a plan that ties the offenses together and demonstrates that the objective of each offense was to contribute to the achievement of a goal not attainable by the commission of any of the individual offenses." *Id.*, commentary following 13.1.2. A conspiracy involving more than one offense is a typical example of offenses involving a common plan. *Id. See, e.g., Dorantes v. Commonwealth*, 222 Va. 383, 385, 281 S.E.2d 823, 824 (1981). Offenses using a "common plan," however, should be

[2] § 13-1.2. provides:
Two or more offenses are related offenses if they are based upon the same conduct, upon a single criminal episode, or upon a common plan.

"distinguished from similar character offenses (where the offenses merely duplicate each other)." 2 ABA *Standards for Criminal Justice* § 13-1.2., at 13.35 (Supp. 1986).

In this case there was no evidence of conspiracy or other common plan underlying the two robberies. Although the robberies were factually similar, the evidence did not show the existence of a plan tying the offenses together. The conclusion that, since the offenses were factually similar, they were committed by the same persons as part of a plan is speculative. It is just as probable that they were two separate, independent offenses committed by the same or different persons.

 A further obstacle to the joinder of these two robberies for trial is the limitation that "justice does not require separate trials." Justice requires separate trials where the evidence of one of the crimes is not admissible in the trial of the other. *See, e.g., Essex v. Commonwealth*, 228 Va. 273, 286-87, 322 S.E.2d 216, 224 (1984). The efficiency promoted by joinder of offenses does not outweigh the harm caused by the introduction of inadmissible evidence of another crime. Such evidence "confuses one offense with the other, unfairly surprises the defendant with a charge he is unprepared to meet, and, by showing that the accused has a criminal propensity, tends to reverse his presumption of innocence." *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983); *Johnson v. Commonwealth*, 3 Va. App. 444, 448, 350 S.E.2d 673, 675 (1986).

 In this case the evidence of one of the robberies would not be admissible in the trial of the other. Although the rule has exceptions, evidence of other crimes generally is not admissible for the purpose of showing the commission of the particular crime charged. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Exception often is made to show a common plan from which motive, intent or knowledge may be inferred. *Minor v. Commonwealth*, 213 Va. 278, 280, 191 S.E.2d 825, 827 (1972); *Sutphin v. Commonwealth*, 1 Va. App. 241, 246, 337 S.E.2d 897, 899 (1985). However, where motive, intent or knowledge is not the issue, but the prosecution seeks to establish the identity of the accused, "more is required than merely proving repeated commission of crimes of the same class." *Sutphin*, 1 Va. App. at 246-47, 337 S.E.2d at 900. To prove identity "the device used to commit the crime, or the manner in which the crime was

committed, must be so unusual and distinctive as to act as a signature." *Id.* at 247, 337 S.E.2d at 900.

Three Supreme Court decisions demonstrate that evidence of other crimes may be admissible where the other crimes are part of a general scheme which also includes the crime charged but not when the real purpose is to prove the identity of the person who committed the crime charged. In *Dorantes*, evidence that the defendant and an accomplice had twice robbed a bank in Arlington County was admitted in his trial for a later robbery of another bank in the same county. *Dorantes*, 222 Va. at 385, 281 S.E.2d at 824. The Court approved the admissibility of the evidence of the other crimes under the "general scheme" exception, noting that the exception was "particularly appropriate where . . . the accused is on trial upon a charge of conspiracy." *Id.* The identity of the defendant, who was apprehended while fleeing from the bank, was not in issue; however, the existence of a conspiracy was at issue.

In a later case, *Donahue v. Commonwealth*, 225 Va. 145, 300 S.E.2d 768 (1983), the Court held that *Dorantes* was not applicable and declined to use the "general scheme" exception where an accused's identity, but not the existence of a conspiracy, was at issue. *Donahue*, 225 Va. at 156, 300 S.E.2d at 774. In *Dorantes* the evidence of the other crime was admitted to " 'establish the conspiracy to rob banking institutions in the Arlington area . . . .' " *Id.* The Court in *Donahue* concluded that the principle expressed in another case, *Boyd v. Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972), controlled. *Id.* In *Boyd*, evidence of prior sales of heroin was not admissible in trial for another sale of heroin alleged to have occurred several days later. The prior sales were "unrelated" to the sale for which the defendant was on trial. *Boyd*, 213 Va. at 53, 189 S.E.2d at 360.

In this case the principle expressed in *Donahue* and *Boyd*, not that expressed in *Dorantes*, applies. Since no evidence established that the two robberies tried in this case were both part of the same general scheme, such as a conspiracy, the "general scheme" exception would not apply to admit the evidence of one robbery in the trial of the other.

Therefore, without a showing of an unusual or distinctive *modus operandi*, evidence of one of the robberies would not have

been admissible in the trial of the other. *See Henderson v. Commonwealth*, 5 Va. App. 125, 360 S.E.2d 876 (1987). Motive, intent or knowledge were not issues in either of the robberies being tried. The only issue was the identity of the perpetrators. The two robberies, although factually similar, were not so unusual or distinctive as to identify the person who committed either one of them. Therefore, evidence of one of the robberies was not admissible in the trial of the other, and justice would require that they not be tried together.

For these reasons we conclude that the charges of the two robberies should have been severed for trial on motion of the defendant. We reverse the judgments of conviction and remand the proceeding for new trials.

*Reversed and remanded.*

Coleman, J., concurred.

Baker, J., dissenting.

I respectfully disagree with the majority's determination that the issue in this case is whether a defendant should "be required to defend two criminal charges in the same trial *simply* because they arose out of factually similar events." It is my judgment that what we must decide is whether the trial court abused its discretionary power when it found the existence of a common scheme or plan and denied the defendant's motion to sever. The panel of the Court of Appeals which granted the writ framed the issue in this case as follows: "Did the trial court err in denying the defendant's motion for severance of two separate and distinct indictments?"

The settled rule applicable to the issue whether the court should consolidate trial of indictments for separate offenses is that it is a matter resting in the sound discretion of the trial court. *Bryant v. Commonwealth*, 189 Va. 310, 315, 53 S.E.2d 54, 56 (1949); *see also United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977). That discretionary power is the same in cases involving separate indictments as in cases where a defendant is charged with separate felony counts in a single indictment. *Fincher v. Commonwealth*, 212 Va. 552, 553, 186 S.E.2d 75, 76, *cert. denied*, 409 U.S. 913 (1972). In *Fincher* two separate indictments were ordered consolidated for trial. In a *per curiam* opinion affirming the ruling of the trial court the Court said:

[W]e see no reason the rule in this type case should differ from the rule applicable where a defendant is charged with separate felonies in several counts of the same indictment. Whether such counts should be tried separately or together is a matter resting within the sound discretion of the trial court. Hence, we adopt the rule of discretion for determining questions of consolidation.

*Id.* (citation omitted). If an appellate court is to reverse the trial court's discretionary ruling the record must affirmatively show an abuse of discretion. *See, e.g., Mundy v. Commonwealth*, 161 Va. 1049, 1064, 171 S.E. 691, 696 (1933). To show that abuse, the record must disclose that the trial judge acted arbitrarily, rather than with due regard to conscientious judgment. *Slayton v. Commonwealth*, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946). The appellate court will overturn the exercise of this discretion only for "*clear abuse* affecting substantial rights of the accused." *Jamar*, 561 F.2d at 1106 (emphasis added).

Appellant's motion to sever was made pursuant to the provisions of Rule 3A:10(b). In relevant part, that rule permits consolidation if the offenses meet the requirements of Rule 3A:6(b), which permits two or more offenses to be charged in separate counts of an indictment if they "constitute parts of a common scheme or plan." Thus, the precise issue in this case is whether the trial court abused its discretion in allowing consolidation based on a common scheme or plan.

Two pretrial hearings were conducted pursuant to appellant's motion to sever. By agreement, the evidence presented to the trial court at those hearings was submitted by statement of counsel in lieu of actual witness testimony. In our review of whether the trial court abused its discretion in denying severance and ordering consolidation we are bound by the evidence as disclosed in those statements.

In its recitation of the facts, the majority emphasizes the evidence of the two robberies for which appellant stands convicted; it fails to view the remaining evidence in the light most favorable to support the discretionary ruling of the trial court, granting to it all reasonable inferences fairly deducible therefrom, as is required by law. *See Evans v. Commonwealth*, 215 Va. 609, 612, 212 S.E.2d 268, 271 (1975). In fact, the majority opinion appears to argue

against reasonable inference. Following the rule of *Evans*, I view the record upon which we should base our decision whether the trial court abused its discretion to be as follows:

Appellant appeals his conviction of two robberies for which he was separately indicted. Each indictment contained two counts, one each of robbery and use of a firearm in connection therewith. The robberies were alleged to have been committed five days apart in the City of Virginia Beach on August 26, 1984 and August 31, 1984, respectively, a period within the forty days hereafter noted. Appellant had been tried and convicted of six other robberies within Virginia Beach and the adjoining Tidewater cities of Chesapeake, Suffolk and Hampton which occurred within a forty-day period beginning on July 31, 1984 and extending through September 5, 1984. Because of those prior convictions the Virginia Beach police were aware of appellant's activities and that knowledge led the detectives to concentrate on appellant as a suspect because the *method of the robberies was amazingly similar.*

In the present cases, both robberies were committed in the daylight by two males similar in personal appearance and wearing similar clothing. Both robberies were committed in Flowers Bakery Thrift Stores, and by use of a handgun to force compliance. On each occasion as the robbers entered the stores they were unmasked, but placed stocking masks over their faces after entry. The method used to obtain the money was the same. They "herded" the employees to the back of the stores, required one to open the safes from which money was taken, and compelled all employees to lie on the floor while the robbers made their escape. The time spent "in and out" each store was approximately the same.

At the pretrial hearing, the assistant Commonwealth attorney, after referring to the six other robberies which occurred within the forty-day span, stated:

> The circumstances, the mode of the robbery is in fact what led the detectives to concentrate on these defendants, and the mode of the—method of robbery is *amazingly similar.* (emphasis added).

In quoting the above statement, the majority elected to place a period after the word "defendants," and failed to include the portion of the quote which states that the "method of robbery is amazingly similar." The majority argues that the quote follows a reference to the "two robberies" which were the subject of the consolidation and hence did not contribute to the decision of whether they should be tried together. This reasoning fails to note the entire paragraph which preceded the above quote:

> I think they (the robberies) are part of a common scheme, and the common scheme is to conduct a terrorizing raid of robberies through the City of Virginia Beach in a very short period of time. Approximately forty days in which six robberies occurred. These two I'm asking to try together occurred within five days.

The foregoing quote immediately preceded the evidence that the detectives were led to appellant due to the similarity of the six robberies. Granting all reasonable inferences favorable to support the exercise of the trial court's discretionary power, the evidence clearly supports a finding of common scheme or plan. Appellant committed six other robberies in the same geographical area within a forty-day period that encompassed the days on which the two offenses under review were committed. The manner of committing the other six robberies was, according to the police, "amazingly similar" to the manner in which the two offenses were committed. Thus, the trial judge was clearly empowered to deny the motion for severance unless the circumstances were such that the ends of justice required separate trials. If such were the case, the Commonwealth would be required to select which indictment to try first. *Allen v. Commonwealth*, 122 Va. 834, 839, 94 S.E. 783, 785 (1918). There is, however, nothing in this record to show that the consolidation confounded appellant in his defense or adversely affected his substantive rights; therefore, no abuse of discretion is shown. *See Fincher*, 212 Va. at 553, 186 S.E.2d at 76.

The majority concludes that the evidence of one of the robberies would not be admissible in the trial of the other and, therefore, separate trials were required.

Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses. Evidence of such connected criminal conduct is often relevant to show motive, method, and intent. Indeed, it may be the only way in which such matters may be shown, as was the case here. *Even where another crime is not inextricably linked with the offense of trial, it may nevertheless be proved if it shows the conduct and feeling of the accused toward his victim, his motive, intent, plan or scheme, or any other relevant element of the offense on trial.*

*Scott v. Commonwealth*, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984) (citations omitted) (emphasis added). The general rule that evidence that the accused has committed other offenses is inadmissible yields to society's interest in the truth-finding process where the other crimes constitute a part of the general scheme of which the crime charged is a part. *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983).

Where evidence of other offenses is admissible under an exception to the general rule, the exception applies to offenses committed *before* and *after* the date of the offense for which the defendant is being tried. In *Minor v. Commonwealth*, a pandering case, evidence was admitted of a similar offense that occurred the day after the offense for which the defendant was being tried. We held the evidence was properly admitted to show the defendant's relationship with the prostitute *and to show a common scheme, plan, or course of conduct tending to establish motive, intent, or knowledge.*

In *Moore v. Commonwealth*, the defendant was charged with enticing and fondling a male child with lascivious intent. The trial court admitted evidence of two similar incidents, one occurring approximately three months after and the other approximately 20 months before the incident in dis-

pute. We held the evidence was admissible on the issue of lascivious intent.

We have also held that it is largely within the discretion of the trial court to determine "[w]hether evidence is so remote that it lacks probative value." In the present case, we hold that the trial court did not abuse its discretion in admitting the testimony of Walker and Blain to show Collins's knowledge, intent, and course of conduct.

*Collins v. Commonwealth*, 226 Va. 223, 230, 307 S.E.2d 884, 888-89 (1983) (citations omitted) (emphasis added); *see also Scott*, 228 Va. at 526-27, 323 S.E.2d at 577; *Dorantes v. Commonwealth*, 222 Va. 383, 281 S.E.2d 823 (1981).

In *Dorantes*, defendant was indicted, tried and convicted by a jury of two counts of robbery, one of conspiracy to rob, and one of entering a bank while armed with a deadly weapon with intent to commit larceny. On appeal, the weapons charge was reversed and dismissed for insufficiency of evidence. The two robbery convictions and one conspiracy conviction were affirmed. The only issue on appeal applicable to the robbery charges concerned the admissibility of evidence of other offenses. The same issue was raised as to the conspiracy to rob charge. In affirming, the Supreme Court stated: "[T]he Commonwealth was permitted to show that the defendant and Brooks had robbed another Arlington County banking institution twice within a short period preceding the instant robbery. On the first occasion, no weapon was observed in the possession of either robber. On the second, the defendant pulled a gun when challenged by a bank employee." *Id.* at 385, 281 S.E.2d at 824. The foregoing quote constituted the factual basis for the admission of the prior offense evidence on the ground that the prior offenses "constitute a part of the general scheme of which the crime charged is a part." *Id.* It has been argued that the language in *Dorantes* affirming the admissibility of the prior offenses evidence was to prove conspiracy. The evidence, however, was also accepted to affirm the robbery convictions as it was presented to the jury in support of the two robbery cases as well as the conspiracy offense.

The Supreme Court specifically noted that the record in *Dorantes* did not show "anything unique about the defendant's

method of committing bank robberies," thus indicating that uniqueness is not a requirement for admitting evidence of prior offenses for the purpose of showing a general scheme. *Id.* at 386, 281 S.E.2d at 825. By comparison, in the case before us the severance hearing evidence disclosed six to eight robberies known to have been committed by appellant and another in the general area of Virginia Beach within a forty-day period. In all cases a gun was used. The two cases being tried were almost identical in fact and so "amazingly similar" to the others that the detectives were led to defendants by their knowledge of the other cases.

Here, the record clearly discloses no abuse of discretion; therefore the question directed by the writ panel should be answered in the negative. The evidence as submitted to the trial court was neither complex nor confusing. Nothing recited disclosed that consolidation would confound appellant in his defense, adversely affect his substantive rights, or be likely to confuse the jury. *Fincher*, 212 Va. at 553, 186 S.E.2d at 76. Thus, because the other crimes were amazingly similar, occurred in the same geographical area and were near in proximity both in time and space, the trier of fact could reasonably infer that all the crimes were a part of a common scheme.

For the reasons stated, I respectfully disagree with the majority and would affirm the judgment of the trial court.