## Salem

RANDOLPH REEVES RIDER

v.

COMMONWEALTH OF VIRGINIA

No. 0198-88-3

Decided August 22, 1989

596

COUNSEL

W. T. Robey, III (Robey & Irvine, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—In a trial by jury, Randolph Reeves Rider, appellant, was convicted of distribution of cocaine, a Schedule II controlled substance, in violation of Code § 18.2-248[1] and sentenced to forty years in the penitentiary and a $100,000 fine. The sole issue presented in this appeal is whether the trial court erred by admitting evidence of prior drug-related transactions between Rider and the Commonwealth's chief witness, Ritchie Conner.

On March 16, 1987, Ritchie Conner was arrested by the

---

[1] Code § 18.2-248 makes it "unlawful for any person to . . . distribute or possess with intent to . . . distribute a controlled substance or an imitation controlled substance." The maximum penalty for a first-time offender under this code section is imprisonment for forty years and a fine of $100,000.

Augusta County Sheriff's Department for possession of cocaine with intent to distribute. In exchange for receiving a suspended sentence, Conner entered an agreement with the authorities to implicate his Florida supplier, Rider. Subsequently, Conner permitted the Department to record six telephone conversations between himself and Rider arranging a purchase of four pounds of cocaine for $84,000. The cocaine was to be delivered to Conner at his home on April 4 by Rider and his accomplice, Ernie Johns. During the course of these telephone conversations, several references were made to two prior sales of cocaine between Conner and Rider which occurred on March 1 and 7, 1987, respectively.

On April 4 the authorities placed a body wire on Conner and instructed him to use the code word "Christmas" to alert them to the presence of cocaine on the premises. Rider arrived at Conner's home and Conner showed him the money. Shortly thereafter Ernie Johns arrived with the cocaine. At Conner's use of the code word "Christmas", the authorities entered the premises and placed Rider and Johns under arrest. Approximately four pounds of cocaine were seized.

Prior to trial, Rider filed a motion in limine seeking suppression of the evidence of the March 1 and 7 sales. The motion was overruled, and at the trial Conner was allowed to testify in detail that he had purchased approximately two pounds of cocaine from Rider in the past month. Additionally, the recorded phone conversations containing references to the prior sales were admitted into evidence.

Generally, evidence of the commission of other crimes or offenses is inadmissible in a criminal prosecution. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). "This is because such evidence confuses one offense with the other, unfairly surprises the defendant with a charge he is unprepared to meet, and, by showing that the accused has a criminal propensity, tends to reverse his presumption of innocence of the crime on trial." *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983). There are, however, several well recognized exceptions to the general rule against admissibility.

> Evidence of other offenses is admitted . . . if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent or knowledge of

the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part.

*Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805.

■ Although the evidence sought to be admitted falls within a recognized exception, this alone does not necessarily qualify it as admissible evidence. To be admissible, "the probative value of such evidence must outweigh any incidental prejudice to the accused." *Curtis v. Commonwealth*, 3 Va. App. 636, 638, 352 S.E.2d 536, 537 (1987); *see also Coe v. Commonwealth*, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986); *Foster v. Commonwealth*, 6 Va. App. 313, 323, 369 S.E.2d 688, 694 (1988); *Barber v. Commonwealth*, 5 Va. App. 172, 180, 360 S.E.2d 888, 892 (1987).

The Commonwealth argues that Conner's testimony regarding the March 1 and 7 sales of cocaine falls within several of the exceptions to the general rule against admissibility. Specifically, the Commonwealth argues that the evidence of the prior sales was admissible to prove Rider's knowledge of the nature of the substance, his intent to distribute, and the existence of a common scheme or plan. Additionally, the Commonwealth asserts that the probative value of the evidence outweighed any prejudice which Rider may have suffered. We disagree.

The indictment upon which Rider's conviction rests specifically charges he "did unlawfully and feloniously sell, give or distribute cocaine . . . ." It follows then that since Rider was charged with distribution only, as opposed to possession with intent to distribute, the Commonwealth's burden of proof was limited to showing that he knowingly transferred cocaine; his intent to distribute was irrelevant to the offense charged. Therefore, the evidence of the prior drug transactions was not admissible under the exception allowing evidence of prior crimes to establish the intent of the accused.

■ Although there is no transcript of the hearing on Rider's motion in limine, based on the context of his written motion, we are satisfied that Rider conceded knowing that the bags seized

contained cocaine.[2] Despite this concession, the Commonwealth was not relieved of its burden of proving Rider's knowledge of the nature of the substance. In meeting its burden of proof, the Commonwealth could properly adduce evidence of the prior sales for the limited purpose of establishing Rider's knowledge, *Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805, if the probative value of the evidence of prior sales outweighed any prejudice to Rider. *Curtis*, 3 Va. App. at 638, 352 S.E.2d at 537. In many cases prejudice may be limited by a cautionary instruction to the jury "that the evidence [is] not to be considered in proving the crime charged or in determining guilt or punishment." *Barber*, 5 Va. App. at 181, 360 S.E.2d at 893; *see also Scott v. Commonwealth*, 228 Va. 519, 527, 323 S.E.2d 572, 577 (1984). In this case the jury was allowed to hear testimonial evidence as well as recorded telephone conversations regarding the prior sales. No cautionary instruction was given by the trial court. Where, as here, the accused concedes his knowledge of the illegal substance and the jury is allowed to hear detailed evidence of the prior sales and is not instructed that the evidence is admitted for a limited purpose, we believe the probative value of the evidence is outweighed by the prejudice to the accused, and, therefore, the evidence is inadmissible.

Further, since the prior sales were unrelated to the April 4 sale, we also reject the Commonwealth's argument that the evidence of the prior sales was admissible to prove the existence of a common scheme or plan. Although evidence which tends to prove any element of the crime charged may be admissible in some circumstances, *Kirkpatrick* 211 Va. at 272, 176 S.E.2d at 805, we find that the April 4 sale constituted a separate and distinct offense and was in no way related to the March 1 and 7 sales. Therefore, evidence that Rider had made those sales and transferred cocaine on those dates was not probative evidence that a transfer occurred on April 4. *See Boyd v. Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972) (evidence of two prior sales of heroin was unrelated to the sale for which the defendant was standing trial and therefore inadmissible). The Commonwealth argues that even if Conner's testimony was improperly admitted, the error was harmless and

---

[2] In his motion, Rider argues that unlike his accomplice, Ernie Johns, he does not contend that he was unaware that the bags contained cocaine, thereby placing his knowledge in issue.

no prejudice resulted since the taped conversations containing references to the two prior sales were admitted into evidence without objection from Rider. However, Rider's motion in limine sought to suppress all evidence pertaining to the prior sales, thereby making it unnecessary for him to raise his objection again at the time of introduction of the recorded conversations. Rule 3A:9(b)(5). Therefore, for the same reasons stated above, it was error for the trial court to admit those portions of the taped conversations referring to the prior sales.

Although we hold that the trial court erred by admitting the evidence of the prior sales, this does not automatically entitle Rider to a reversal of his conviction. *Williams v. Commonwealth*, 4 Va. App. 53, 74, 354 S.E.2d 79, 91 (1987). "A conviction should not be reversed unless the introduction of improper evidence suggests a manifest probability that it was prejudicial to the defendant." *Id.* (quoting *Boykins v. Commonwealth*, 210 Va. 309, 313, 170 S.E.2d 771, 774 (1969)).

The jury was not instructed that it could not consider the evidence of the prior sales as evidence of guilt. The jury returned a verdict of guilty and recommended that Rider be given the maximum sentence permissible for a violation of Code § 18.2-248. We can only speculate whether the jury was so inflamed by the evidence of the prior drug transactions that it sought to punish Rider for those acts as well as the one for which he was on trial. In view of the sentence imposed on appellant and the fact that "we have no way of knowing the effect the court's admission of [evidence] as to defendant's prior criminal acts . . . had upon the minds of the jury, we cannot say that the error was not prejudicial." *Donahue v. Commonwealth*, 225 Va. 145, 156, 300 S.E.2d 768, 774 (1983).

For the foregoing reasons, the judgment below is reversed and remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Coleman, J., and Hodges, J., concurred.