## CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Commonwealth of Virginia

v.

Willis C. Crockett

July 2, 1993

BY JUDGE JOSEPH E. SPRUILL, JR.

I have considered the memoranda and reviewed the cases you have sent me regarding the defendant's motion to suppress evidence of prior sales of cocaine by the accused within an hour of his arrest. The motion is denied for the following reasons.

The general rule is that evidence that shows the defendant is guilty of other crimes is inadmissible. There are, however, well-established exceptions to this rule. Evidence of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part or where such other crimes prove any relevant element of the offense charged, such as intent.

In *Rider v. Commonwealth*, 8 Va. App. 595 (1989), prior sales were ruled inadmissible because intent was irrelevant to the charge of distribution and because these sales, which occurred approximately one month before the offense charged, were deemed unrelated to the charge and therefore were not considered a part of a common scheme. The Court did recognize in *Rider*, however, that this evidence of prior sales fell within a recognized exception to the general rule.

In *Wilson v. Commonwealth*, 16 Va. App. 213 (1993), evidence of prior sales which occurred three weeks to a month before the accused was arrested was found to be inadmissible. These sales were deemed too remote and therefore were irrelevant. These cases, however, are distinguishable from the instant case. Here, the evidence, I assume, will be that the accused within an hour of his arrest had distributed cocaine. This evidence tends to show his intent and his involvement in a common scheme or plan to distribute cocaine within the immediate

time frame of his arrest. In *Scott v. Commonwealth*, 228 Va. 519 (1984), it was held:

> [W]here a course of criminal conduct is continuous and inter-woven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial . . . even where another crime is not inextricably linked with the offense on trial, it may nevertheless be proved if it shows the *conduct* and feeling of the accused toward his victim, his motive, intent, plan or scheme or any other relevant element of the offense on trial . . . .

In the *Boyd* and *Eccles* cases, cited by the defendant, prior criminal conduct was deemed inadmissible because it was considered unrelated to the charges involved. In this case, however, because the prior offenses occurred so close in time to the accused's arrest, the claim of remoteness cannot be made, and the accused's possession of drugs within an hour of his having actually sold drugs cannot be considered to be unrelated factors.

If the hour preceding this defendant's arrest had been recorded on videotape (*Brooks v. Commonwealth*, 15 Va. App. 407 (1992)), or if this defendant had given a voluntary statement of his activities during this period (*Satterfield v. Commonwealth*, 12 Va. App. 24 (1991)), such evidence, including evidence of sales of cocaine, if there were any, could be admissible. By extension, an independent witness to such events during such period should be allowed to testify as to them.

For these reasons, this evidence is admissible. This ruling is made with a limited understanding of the evidence to be offered. Should there be any substantial variation from the evidence offered and that which I have been led to understand will be offered, this ruling would not stand.