COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Clements
Argued at Richmond, Virginia


KURVYN DARNELL MINOR

MEMORANDUM OPINION[*] BY

v.    Record No. 3105-01-2          JUDGE LARRY G. ELDER
                                    DECEMBER 31, 2002

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
John Richard Alderman, Judge

J. Overton Harris (J. Overton Harris, P.C.,
on brief), for appellant.

Michael T. Judge, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Kurvyn Darnell Minor (appellant) appeals from his jury

trial convictions for three counts of abduction, two counts each

of rape, oral sodomy, and robbery, and one count each of anal

sodomy, credit card theft and use of a firearm in the commission

of an abduction. The convictions arose out of events which

involved three different victims and occurred on three different

dates. Appellant admitted his sexual contact with the women to

authorities but claimed the contact was consensual. On appeal,

appellant contends the trial court erroneously denied his motion

for three separate trials based on the offenses alleged against

each victim. Under the facts of this case, we agree that the

─────────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not

refusal to sever was reversible error.  Therefore, we reverse
and remand for new trials.

I.

BACKGROUND

A.

THE OFFENSES

The offenses involved three separate incidents and victims
and occurred in the late evening to early morning hours of
April 2-3, April 12-13 and September 29-30, 2000.  In each
instance, appellant approached a female pedestrian within the
same one-and-one-half mile radius on the North Side of Richmond
and offered her a ride in the vehicle he was driving.  The
victims were all between twenty-five and forty years old and of
the same race.  In each instance, appellant mentioned something
about his alleged employment and spoke of traveling to Ashland.
The first two victims entered his car willingly when he offered
each a ride, and he abducted the third at knife-point when she
refused his offer of a ride.

In each instance, appellant drove on Interstate 95 to the
same exit and took the victim to the same secluded area of
Hanover County.  He took the first two victims to a church and
the third victim into some woods about a mile away from the
church.  In all three instances, appellant possessed or wore a
condom and used a weapon in an effort to force the victim to

_____

designated for publication.

- 2 -

engage in anal intercourse and other sexual acts.  He used a gun in the first two attacks and a knife in the third.  Other evidence established that a gun had been seized from appellant in a traffic stop on May 19, 2000, after the first two attacks and before the third, in which appellant displayed only a knife.

The first victim escaped before appellant forced her to engage in any sexual acts.

In the second attack, the victim escaped after appellant raped her and forced her to perform oral sodomy on him. Appellant grabbed her purse as she ran from his car, and he attempted unsuccessfully to use her ATM card at two different banks within blocks of his residence.  DNA evidence recovered from sperm left on the second victim established the sperm was 210 million times more likely to have come from appellant than from an unknown member of appellant's race.

In the third attack, appellant raped the victim, forced her to engage in oral and anal sodomy, and robbed her before leaving her in the woods.

B.

APPELLANT'S ARREST AND QUESTIONING

During interrogation after being advised of his <u>Miranda</u> rights, appellant identified photographs of the first two victims, saying that they were "prostitutes he had been with." He admitted driving them both to Ashland and dropping them off. Appellant also admitted knowing the third victim, saying she,

too, was a prostitute.  He said he had sex with the third victim in Richmond and then drove her to Ashland at her request "because she wanted to perform more prostitution at the truck stop in Ashland."

C.

THE MOTION TO SEVER

Appellant was indicted for the instant offenses and moved to sever so that only the offenses relating to a particular victim would be tried together.  He argued as follows:

> It does not appear that the offenses charged [in the three groups of indictments] are connected in their commission with each other or that there is a common element of substantial importance in their commission and, therefore, these three groups of indictments involving different dates depend for their proof on different [sets] of facts.  The evidence admissible on one group of indictments pertaining to an individual alleged victim is not admissible on either of the other groups of indictments involving different alleged victims and the effect of evidence pertaining to one alleged victim being introduced in a trial involving other alleged victims will be to unreasonably and unfairly prejudice [appellant] and would be in violation of the due process clause of the Fourteenth Amendment . . . .  Limiting instructions . . . would be insufficient to overcome such prejudice.

At the hearing on the motion, appellant's counsel argued the evidence of the other offenses was inadmissible "to establish signature."  He explained there was no identification issue because "in [appellant's] statement he's acknowledged that he's had [sexual intercourse] with all three women.  The issue's

- 4 -

going to be whether it was consensual or whether it was as the Commonwealth alleges."  The Commonwealth conceded appellant's counsel's statement

> is accurate; we don't have an ID problem in this case.  We've got strong ID, however, they say that it was appropriate in . . . Satcher [v. Commonwealth, 244 Va. 220, 421 S.E.2d 821 (1992),] which was two rapes that were similar in location, similar in modus operandi, similar to the facts, etcetera, and that'll be developed through direct examination.  And then importantly in Farrell [v. Commonwealth, 11 Va. App. 380, 399 S.E.2d 614 (1990)], the reason for the Commonwealth's argument for the joinder is to show that [appellant's] modus operandi was the same, and they've said in Farrell that that's appropriate.

The Commonwealth then offered testimony from two sheriff's department employees who investigated the offenses.

After hearing the testimony, the court ordered the parties to submit memoranda on the severance issue, which they did.  The trial court then denied the motion to sever without further explanation.

II.

ANALYSIS

Rule 3A:10(c) provides "[t]he court may direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's attorney consent thereto."  This rule provides the "trial court [with] limited discretion to

order an accused to be tried for more than one offense at the same time."  Godwin v. Commonwealth, 6 Va. App. 118, 121, 367 S.E.2d 520, 521 (1988).[1]

Where an accused does not consent to having the charges tried together, the trial court may "not try them together unless the offenses [meet] the criteria of Rule 3A:6(b) and justice [does] not require separate trials."  Id. at 121, 367 S.E.2d at 522.  "Justice requires separate trials where the evidence of one of the crimes is not admissible in the trial of the other.  The efficiency promoted by joinder of offenses does not outweigh the harm caused by the introduction of inadmissible evidence of another crime."  Id. at 123, 367 S.E.2d at 522 (citation omitted).  We need not consider whether the offenses meet the criteria of Rule 3A:6(b)[2] because we hold that justice required separate trials under the facts of this case.

Evidence of other crimes committed by an accused usually is incompetent and inadmissible to prove the accused committed or likely committed the particular crime charged.  Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

---

[1] Godwin was decided under Rule 3A:10(b).  Rule 3A:10 was amended January 1, 1994, and former subsection (b) was redesignated as subsection (c).  The amendment effected no substantive change in the part of the rule at issue in this case.

[2] To meet the requirements of Rule 3A:6(b), the offenses must be "based [(1)] on the same act or transaction, or [(2)] on two or more acts or transactions that [(a)] are connected or [(b)] constitute parts of a common scheme or plan."

This rule "is deeply rooted in Virginia common law," Tucker v. Commonwealth, 17 Va. App. 520, 522, 438 S.E.2d 492, 493 (1993), and exists to prevent "confusion of offenses . . . and a suggestion of 'criminal propensity,' thus preserving the 'presumption of innocence,'" Crump v. Commonwealth, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991) (citations omitted). Other crimes evidence may be admissible under limited circumstances if it is offered "(1) to prove any element of the offense charged, (2) to show the motive, intent, or knowledge of the accused, (3) to show the conduct and feeling of the accused toward his or her victim, or (4) to show premeditation or malice." Shifflett v. Commonwealth, 29 Va. App. 521, 529, 513 S.E.2d 440, 444 (1999). Evidence of another crime or crimes to show modus operandi may be admissible to prove not only the identity of a crime's perpetrator but also, "by inference, the accused's intent, motive, malice, premeditation, or the accused's feelings toward the victim." Id. at 530-31, 513 S.E.2d at 444-45.

However, even where evidence is relevant to prove one of these issues or elements, it is admissible only if its probative value outweighs its prejudicial effect. Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). Determining whether the probative value of the evidence outweighs its prejudicial effect is within the discretion of the trial court and may be reversed only for an abuse of that

discretion.  See, e.g., Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986).

The Commonwealth argues that evidence of the offense against each victim would be admissible at trial for the offenses against each of the other victims because it shows "modus operandi, motive, intent, identity, opportunity, relationship to the victims, absence of mistake or accident and interconnection of the offenses."  However, the only one of these elements which was properly and genuinely in issue in appellant's trial was the intent with which he acted.  Appellant admitted having sexual contact with all three victims but claimed it was consensual.

As we previously have noted, where evidence of other crimes is relevant to prove an issue or element which is "genuinely uncontested, any nominal probative value will be easily outweighed by the danger of prejudice."  Blaylock v. Commonwealth, 26 Va. App. 579, 592, 496 S.E.2d 97, 103 (1998) (in sexual battery case in which defendant denied incident and presented alibi evidence, holding "issue of intent was not genuinely in dispute" and that "admission of child pornography and [pornographic] story on the issue of [Blaylock's] intent [was] an abuse of discretion").  Thus, evidence of a common modus operandi, although often highly probative on the issue of the identity of a common perpetrator, see, e.g., Shifflett, 29 Va. App. at 530-31, 513 S.E.2d at 444-45, was of little

- 8 -

probative value here because appellant admitted the sexual contacts. The Commonwealth agreed in argument on the severance motion that "we don't have an ID problem in this case. We've got strong ID." Thus, any probative value the other crimes evidence had on the issue of identity was easily outweighed by the prejudice likely to result from the testimony of each of the other victims that appellant sexually assaulted her. See, e.g., Blaylock, 26 Va. App. at 592, 496 S.E.2d at 103.

Although proof of a common modus operandi may be probative of other elements of an offense, see Shifflett, 29 Va. App. at 530-31, 513 S.E.2d at 444-45, assuming the evidence here is sufficient to prove a common modus operandi, it is inadmissible to prove appellant's intent, the only issue in genuine dispute. We reached just such a conclusion in Foster v. Commonwealth, 5 Va. App. 316, 318, 362 S.E.2d 745, 746 (1987), in which the defendant, charged with rape and robbery, denied the robbery and claimed the intercourse was consensual. In Foster, we relied on the decision of the Fourth Circuit Court of Appeals in Lovely v. United States, 169 F.2d 386 (4th Cir. 1948). See also United States v. Tate, 715 F.2d 864, 865-66 (4th Cir. 1983) (referring to Lovely as "our leading case" for the principle that "[e]vidence of other crimes or wrongs is not admissible" to prove criminal propensity).

In Lovely, the defendant admitted to being with the victim on the night of the alleged rape, but he denied having

intercourse with her.  169 F.2d at 388.  Over the defendant's objection, the prosecution was allowed to introduce the testimony of another woman that the defendant had raped her under similar circumstances "fifteen days prior to the alleged rape on the prosecutrix, and to go into the circumstances as fully as though that case were on trial."  Id.

Ruling in Lovely that the admission of such evidence was error, the Court reasoned as follows:

> [T]he only question was whether [the defendant] had had carnal knowledge of [the alleged victim] forcibly and against her will.  The fact, if it was a fact, that he had ravished another woman some weeks before, threw no light whatever on that question.  It showed merely that he was a bad man, likely to commit that sort of crime; and this is precisely what the prosecution is not allowed to show in a criminal case. . . .
>
> *     *     *     *     *     *     *
>
> The rule which forbids the introduction of evidence of other offenses having no reasonable tendency to prove the crime charged, except in so far as they may establish a criminal tendency on the part of the accused, is not a mere technical rule of law.  It arises out of the fundamental demand for justice and fairness which lies at the basis of our jurisprudence.  If such evidence were allowed, . . . persons accused of crime would be greatly prejudiced before juries and would be otherwise embarrassed in presenting their defenses on the issues really on trial.  In the case at bar for instance, . . . [the] accused was called upon to defend another charge of rape, while his hands were full defending the charge contained in the indictment, and the jury was necessarily given the impression . . .

- 10 -

that he was a bad man who had been guilty of
other crimes and who might well be convicted
on that account. . . .

Id. at 388-89; see Foster, 5 Va. App. at 320-22, 362 S.E.2d at

747-48.

In adopting this reasoning from Lovely in Foster, we noted

that "'the majority of jurisdictions and the better reasoned

decisions'" follow the Lovely approach.  Foster, 5 Va. App. at

321, 362 S.E.2d at 748 (quoting State v. Irving, 601 P.2d 954,

957 (Wash. Ct. App. 1979)).  Thus, we concluded in Foster that

the fact that [another alleged victim of the
accused] had been attacked nine days after
the offenses under indictment had no bearing
as to whether [the victim of the rape for
which the accused was then on trial]
consented to the intercourse.  [Such
evidence] merely showed that [the accused]
had a propensity to commit this type of
crime[, which] is precisely what the
prosecution is not allowed to show in a
criminal case.

Id. at 320, 362 S.E.2d at 747.

Here, under the reasoning of Lovely and Foster, we conclude

the testimony of each victim also was inadmissible at the trial

for the offenses allegedly committed against each of the other

victims.  Neither the number of alleged victims nor the strength

of similarities between or among the offenses has any bearing on

the admissibility of evidence of other offenses where, as here,

the only issue genuinely in dispute is whether the acts were

consensual or forcible.  Accordingly, the court's decision to

allow appellant to be tried jointly for the groups of offenses

- 11 -

against each victim was an abuse of discretion and constituted reversible error.

The holding in Satcher v. Commonwealth, 244 Va. 220, 421 S.E.2d 821 (1992), cited by the Commonwealth at trial, does not support a different result.  Satcher involved two rapes followed by robberies which "occurred within a few yards and about one-half hour of each other.  Both victims were forcibly removed from the [same] bicycle path at a location concealed behind [a] 'sound barrier wall'" and were "brutally beaten and partially disrobed."  Id. at 229, 421 S.E.2d at 827.  Finally, both victims' purses were stolen and "were found in approximately the same location, with only money missing from both."  Id. Although significant evidence proved Satcher was the perpetrator in both instances, Satcher took the stand and denied any involvement in the offenses, squarely placing the element of the perpetrator's identity in issue.  Id. at 229, 251-52, 421 S.E.2d at 827, 840.  Further, the intent of the perpetrator was not at issue.  As the Supreme Court noted, "[t]he criminal intent of the assailant--to commit rape and robbery--was the same in both situations."  Id. at 229, 421 S.E.2d at 827.

In appellant's case, by contrast, the reverse was true-- identity was genuinely not in issue, and appellant's intent was the disputed element.  As set out above, the other crimes evidence was not admissible to prove the victim's absence of consent and appellant's intent to commit rape.  Compare Foster,

- 12 -

5 Va. App. at 320, 362 S.E.2d at 747 (holding evidence of another alleged rape was inadmissible propensity evidence where only contested issue was whether alleged victim consented), with Spencer v. Commonwealth, 240 Va. 78, 87-91, 393 S.E.2d 609, 615-17 (1990) (upholding admission of evidence of other rape-murders where identity of perpetrator was disputed); Yellardy v. Commonwealth, 38 Va. App. 19, 24-26, 561 S.E.2d 739, 742-43 (2002) (holding two robbery charges were properly tried together where "identical methods used to commit the two robberies tend[ed] to prove the identity of [the accused] as the person who committed both offenses" and "also tend[ed] to prove that the confrontation was a robbery rather than a homosexual encounter[], which [the accused] contended at trial").

For these reasons, we reverse appellant's convictions and remand for further proceedings consistent with this opinion.

Reversed and remanded.