UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia


JOSHUA RYAN BEVELS

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1609-14-2                  JUDGE STEPHEN R. McCULLOUGH
                                                              OCTOBER 13, 2015
COMMONWEALTH OF VIRGINIA



FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

        James J. Ilijevich for appellant.

        Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
        Herring, Attorney General, on brief), for appellee.


        Joshua Ryan Bevels was convicted of distribution of cocaine, second or subsequent offense,

and conspiracy to distribute cocaine.  He argues that the trial court erred in admitting "other crimes"

evidence.  We affirm the decision of the trial court.

                                        BACKGROUND

        On November 8, 2011, Fredericksburg City police set up a controlled buy with the help of a

paid undercover informant.  The informant, Teresa Houchens, called the appellant using her cell

phone, and agreed to meet him at his residential address on Caroline Street, in the City of

Fredericksburg.  Police searched the informant, and they provided her with audio and video

equipment to record the transaction.  After police dropped Houchens off near the residence, as

shown on the videotape, she walked in, exchanged money with a woman, and received drugs from

her.  After the transaction, Houchens promptly turned the drugs over to the police and they searched

her again.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The woman who handed Houchens the drugs and who appears on the video is Teresa Moore, appellant's former girlfriend. She testified that on November 8, 2011, she resided with appellant on Caroline Street. She acknowledged selling drugs to Houchens and explained that she did so because appellant had told her that someone was coming to purchase the drugs. She testified that she did not sell drugs for herself, but instead only did so at appellant's request.

Two days later, on November 10, 2011, again enlisting Houchens, the police set up a second controlled buy targeting Bevels. Again, Houchens called appellant and set up the buy with him. They employed the same procedure, but this time it was appellant's mother who handed Houchens the drugs on the sidewalk outside the residence.

Based on the November 8 transaction, appellant was indicted for conspiracy to sell cocaine and distribution of cocaine, second or subsequent offense. Appellant objected to the introduction of evidence from the November 10 transaction. The Commonwealth argued that it was "seeking to introduce this evidence to show essentially this is the common scheme or plan by the Defendant, that someone contacts him, sets up a sale of narcotics, and then he arranges for somebody else to complete the sale so he doesn't have to be there." The court ruled that the evidence could be admitted because it was "relevant for the purpose of showing a common scheme or plan."

At trial, the court provided the jury with the following cautionary instruction:

> You may consider evidence that the defendant committed [an] offense[] other than the offense for which he is on trial only as evidence of the defendant's scheme or plan, as evidence of the defendant's identity, as evidence of the defendant's knowledge, as evidence of the absence of mistake or accident on the part of the defendant, and as evidence of the unique nature of the method of committing the crime charged, in connection with the offense for which he is on trial and for no other purpose.

The jury convicted appellant on both charges, and he was sentenced to serve a total of thirteen years in prison.

ANALYSIS

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

Rule of evidence 2:404(b) provides that "evidence of other crimes, wrongs, or acts is generally not admissible to prove the character trait of a person in order to show that the person acted in conformity therewith."

> Evidence of other independent acts of an accused is inadmissible if relevant only to show a probability that the accused committed the crime for which he is on trial because he is a person of bad or criminal character. Likewise, evidence of other criminal acts by an accused is not admissible, even though it is of the same nature as the one charged, if the only purpose is to show that the crime charged was also probably committed by the accused. The policy underlying the exclusion of such evidence protects the accused against unfair prejudice resulting from the consideration of prior criminal conduct in determining guilt.
>
> There are numerous exceptions to the general rule excluding evidence of other offenses. To be admissible, evidence of other offenses must be relevant to an issue or element in the present case.

Sutphin v. Commonwealth, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985) (citations omitted). Put another way, "the rule excludes such evidence *only* where the *sole purpose* in introducing the evidence is to show a pre-disposition on the part of the accused to commit crime or that type of crime." Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 8-3[a], at 430 (7th ed. 2012). "If, however, the other offense is in some way connected with the present crime, or has some logical bearing on a material issue or element of the present offense, *it should be admitted.* There is no objection per se to the showing of other crimes; it is simply a question of balancing relevancy and prejudice."[1] Id.

---

[1] The balancing of probative weight and prejudicial effect is not at issue in this appeal.

One of the grounds advanced at trial was the "common plan" exception to the general rule of exclusion for "other crimes" evidence. In Walker v. Commonwealth, 289 Va. 410, 415, 770 S.E.2d 197, 199 (2015), the Supreme Court considered whether separate offenses were improperly joined in a single trial because they constituted a "common plan."[2] "[A] 'common plan' 'connotes a series of acts done with a relatively specific goal or outcome in mind.'" Id. at 418, 770 S.E.2d at 200 (quoting David P. Leonard, The New Wigmore: A Treatise on Evidence § 9.2.2, at 572 (2009)). "This goal or outcome exists when the constituent offenses occur sequentially or interdependently to advance some common, extrinsic objective." Id. at 418, 770 S.E.2d at 200-01. The Court provided the following example: "[A] defendant may break into a bank president's home, steal the keys to the bank, and then burgle it. All of the associated offenses are committed sequentially to further the principal objective of taking the money from the bank." Id. at 418, 770 S.E.2d at 201. The Court held that the defendant's multiple acts of drug dealing over a period of 13 days did not constitute a "common plan" because there was no goal extrinsic to each act of dealing drugs. Id. Following Walker, it is clear that the "common plan" exception does not apply to appellant's acts of dealing drugs over the course of two days.

The Commonwealth also advanced as a separate ground at trial that the appellant was engaged in a common scheme. A "common scheme" is distinct from a "common plan." Id. at 415 n.3, 770 S.E.2d at 199 n.3 ("'common scheme' and 'common plan' are separate and distinct, but not mutually exclusive"). "[A] 'common scheme' connotes a particular act done multiple times in a similar way" and the "similarity between the offenses [must be] sufficiently

---

[2] The standards for joinder of offenses and admitting other crimes evidence are distinct. Joinder of offenses is governed by Rule 3A:6(b) of the Rules of Court. The admission of other crimes evidence is governed by Rule 2:404(b) of the Rules of Evidence. A substantial body of caselaw parses both of these rules. Nevertheless, the Supreme Court has noted the similarity of the "common scheme or plan" concepts in the two contexts. Scott v. Commonwealth, 274 Va. 636, 644, 651 S.E.2d 630, 635 (2007).

distinctive." Id. at 418 n.4, 770 S.E.2d at 201 n.4. In Scott v. Commonwealth, 274 Va. 636, 645, 651 S.E.2d 630, 635 (2007), the Court held that "[t]he term 'common scheme' describes crimes that share features idiosyncratic in character, which permit an inference that each individual offense was committed by the same person or persons as part of a pattern of criminal activity involving certain identified crimes."

Here, appellant arranged drug deals with his cell phone at the same location, his residence, but then had somebody else, his girlfriend or his mother, actually deliver the drugs and take the money. This strategy of plausible deniability put him in a position to disclaim any involvement with dealing drugs. These features were sufficiently idiosyncratic to permit the trial court to conclude that the drug deals were part of a common scheme and that the defendant was, in fact, the one who orchestrated the drug deals even though he was not present to physically hand over the cocaine to the buyer.

Three additional considerations militate in favor of affirmance. First, trial judges are vested with broad discretion in admitting evidence. Blain, 7 Va. App. at 16, 371 S.E.2d at 842. Accordingly, the standard of review on appeal is a deferential one. Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). Just how idiosyncratic a crime must be in order to fall within the exception is precisely the type of judgment call that requires at least some measure of deference on appeal. Second, under binding precedent, "application of the general scheme exception is 'particularly appropriate' where, as here, the accused is on trial for conspiracy." Morton v. Commonwealth, 227 Va. 216, 223, 315 S.E.2d 224, 228 (1984) (quoting Dorantes v. Commonwealth, 222 Va. 383, 385, 281 S.E.2d 823, 824 (1981) (*per curiam*)). Third, the jury was provided with an appropriate cautionary instruction.

Precedent is not to the contrary. In Rider v. Commonwealth, 8 Va. App. 595, 598, 383 S.E.2d 25, 26 (1989), for example, we rejected the Commonwealth's argument that drug sales made March 1, 1987, and March 7, 1987, were part of a common scheme or plan. The trial judge had ruled that evidence of those sales was admissible in connection with the April 4, 1987 sale for which Rider was standing trial. Id. at 596, 383 S.E.2d at 25-26. Even though the inadmissible drug sale involved the same buyer and seller, we found that "the April 4 sale constituted a separate and distinct offense and was in no way related to the March 1 and 7 sales." Id. at 599, 383 S.E.2d at 27. Rider is legally and factually distinguishable from the present case, however, because the defendant in Rider was not charged with conspiracy and he personally delivered the drugs to the informant. Id. at 597, 383 S.E.2d at 26.

Similarly, in Boyd v. Commonwealth, 213 Va. 52, 53, 189 S.E.2d 359, 360 (1972), a brief *per curiam* opinion, the Supreme Court held that evidence of two prior sales of heroin was unrelated to the sale for which the defendant was standing trial and therefore inadmissible under an exception to the general rule prohibiting the admission of other crimes evidence. Again, the sales were made by the same individual and the opinion makes no mention of a conspiracy charge. Id. at 52, 189 S.E.2d at 359. Other cases follow this pattern and are distinguishable for the same reasons. See, e.g., Donahue v. Commonwealth, 225 Va. 145, 154-56, 300 S.E.2d 768, 773-74 (1983) (holding that evidence of defendant's prior drug sales was inadmissible to prove her present charges); Cooper v. Commonwealth, 31 Va. App. 643, 648-49, 525 S.E.2d 72, 74-75 (2000) (en banc) (finding defendant's sale of imitation cocaine, nearly two and a half months before his present charge of possession of imitation cocaine with intent to distribute, was a separate act, and not admissible under the common scheme exception); Hill v. Commonwealth, 17 Va. App. 480, 485-87, 438 S.E.2d 296, 299-300 (1993) (holding defendant's prior offense inadmissible to prove intent in the context of other evidence); Wilson v. Commonwealth, 16

Va. App. 213, 219-23, 429 S.E.2d 229, 233-35 (finding evidence that defendant sold cocaine on previous occasions irrelevant, and therefore inadmissible, to prove that he intended to sell cocaine he possessed at a later date), aff'd on reh'g en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993).

This case is comparable to Dorantes. The defendant in that case was charged with robbing an Arlington bank and with conspiracy. The prosecution presented evidence that a short period before the charged offense, appellant had twice robbed another Arlington bank. 222 Va. at 385-86, 281 S.E.2d at 824-25. A unanimous Supreme Court held that then Circuit Court Judge Charles S. Russell had properly admitted "evidence of other offenses . . . under the 'general scheme' exception and therefore competent to establish the conspiracy of the defendant and Brooks to rob banking institutions in the Arlington area, including the target of the instant robbery." Id. at 385, 281 S.E.2d at 824. Similarly here, the trial court could properly admit evidence of the November 10 transaction under the "general scheme" exception, particularly when appellant was also charged with a conspiracy.

CONCLUSION

We affirm the judgment of the trial court.

Affirmed.