Henry L. ROGERS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72-2355

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1972.

Certiorari Denied Dec. 4, 1972.

See 93 S.Ct. 546.

Henry L. Rogers, pro se.

Wayman G. Sherrer, U. S. Atty., Albert C. Bowen, Jr., Asst. U. S. Atty., Birmingham, Ala., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The district court denied the motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by Rogers, a federal prisoner. We affirm.

Appellant is serving a five year sentence imposed upon him on June 28, 1971, for a violation of the Dyer Act, 18 U.S.C. § 2312. In his § 2255 motion he contends that the court relied on a prior constitutionally infirm conviction in fixing the length of his sentence. Appellant relies upon United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L. Ed.2d 592, in which the Supreme Court held that where a judge, in assessing sentence, gives explicit consideration to a prior conviction which is subsequently determined to be invalid, the defendant is entitled to be resentenced without consideration of that invalid conviction.

In the case now before this Court, the record fails to disclose that the sentencing judge gave explicit consideration to the prior conviction.[1] Even though the

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. It is significant that Rogers' two co-defendants received sentences identical to that imposed on appellant: 5 years confinement under the terms of Title 18 U.S.C. Section 4208(a)(2), which authorizes early parole.

earlier conviction was referred to in the presentence report, the court, in denying relief, specifically certified that the sentence was not enhanced by the existence of that earlier conviction.[2] Therefore, the present sentence not being founded upon a prior invalid conviction, *Tucker* is inapplicable. It is thus unnecessary to examine the legality of the prior conviction.

The judgment below is affirmed.

---

**2.** See United States v. Marcello, 5 Cir. 1970, 423 F.2d 993, where we pointed out: "A Judge is by no means confined to a history of criminal convictions. The activities of the Defendant, including his relation to public and police authorities, his position in the community and other factors bear upon his life and lead the sentencing Judge to a balance on (i) punishment, (ii) deterrence and (iii) rehabilitation."