Charles R. WREN, Jr.

v.

**UNITED STATES BOARD OF PAROLE.**

**Civ. A. No. C74–1204A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 21, 1975.

Charles R. Wren, Jr., pro se.

John W. Stokes, Jr., U. S. Atty., J. Robert Cooper, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, Chief Judge.

Petitioner, a prisoner incarcerated in the Atlanta federal penitentiary, seeks a declaratory judgment with respect to the action of federal parole authorities in denying his application for parole, allegedly due to their consideration of alleged prior constitutionally invalid convictions appearing on his record. Petitioner filed a previous action pursuant to 28 U.S.C. § 2255 to have his current sentence vacated, but the sentencing United States District Court denied having considered the alleged invalid convictions and, accordingly, denied relief. Petitioner appealed (contrary to the assertion of the government in its response) but the ruling was affirmed by the Court of Appeals for the Fourth Circuit. Subsequently, petitioner filed this action in the Southern District of Georgia, and it was transferred here on a motion by the government.

The government responded to this court's show cause order of October 7, 1974, stating that the board of parole "can consider materials of all kinds in

considering application for parole and whatever is considered is a matter for the Board of Parole and not the courts, 18 U.S.C. § 4201, et seq." The government stated further that the petitioner had neither alleged nor proven "that respondents ever considered the alleged invalid convictions when considering him for parole." It is therefore the government's contention that the board may consider the allegedly invalid prior convictions here complained of until ordered to expunge them from its records.

■ This court strongly rejects the government's first contention; the board of parole's discretion does *not* extend without limitation to considering all kinds of materials in making a parole decision.

In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Supreme Court established an unequivocal rule making it unconstitutional to try a person on a state felony charge unless he has the assistance of counsel or has validly waived it. In Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967), the Supreme Court went on to say that "[t]o permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case." Most recently, in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Court affirmed the judgment of the Ninth Circuit that the case be remanded for reconsideration of the prisoner's sentence in light of the fact that the trial court, before imposing sentence, had specifically considered previous convictions later deemed invalid under *Gideon.* Petitioner in the case at bar contends that these sentencing cases are relevant to his challenge to the parole board's denial of parole in that the board allegedly considered twenty-seven previous convictions alleged to be constitutionally invalid un-

der *Gideon.* Petitioner seeks to have this court, therefore, order the board of parole to re-examine him for parole consideration without taking into account the allegedly tainted convictions.

■ This court concludes that, although *Tucker* dealt with the sentencing process and the instant case concerns parole consideration, the situations are sufficiently analogous in this limited respect to mandate an extension of the *Tucker* reasoning to the parole application process. In *Tucker*, the government opposed a remand for resentencing,[1] arguing that a federal judge has wide and largely unreviewable discretion in imposing sentence. It pointed out further that in exercising that discretion the relevant inquiry is "not whether the defendant has been formally convicted of past crimes, but whether and to what extent the defendant has in fact engaged in criminal or antisocial conduct." 404 U.S. at 446, 92 S.Ct. at 591. The Supreme Court agreed that a district court has largely unreviewable discretion in imposing sentence, and that in determining what sentence to impose, it may conduct a broad inquiry virtually unlimited as to source or information. However, while accepting those general propositions, the Court rejected them as applied to the case *sub judice* since sentence there had not been imposed in the informed discretion of the judge, but had rather been "founded at least in part upon misinformation of constitutional magnitude." 404 U.S. at 447, 92 S.Ct. at 592.

■ The government's terse contention in the instant case that the board of parole may consider whatever it pleases must similarly be rejected. Just as a trial judge's discretion in sentencing is only *largely* unreviewable, neither does any administrative agency enjoy absolutely unreviewable discretion. Although there has been language to the effect that "the Board of Parole is given absolute discretion in matters of parole,"

1. In *Tucker*, unlike here, the constitutional invalidity of the prior convictions had already been conclusively determined by a state court.

Tarlton v. Clark, 441 F.2d 384 (5th Cir. 1971), such language *imports only that courts are without power to grant a parole or to determine eligibility for parole.* While it is not the function of the judiciary ordinarily to review denials of parole or to review the credibility of information relied upon for such denials, it is nonetheless clear that agency decisions are reviewable where the agency has acted in an arbitrary or capricious manner, where it has abused its discretion, or.where the petitioner is being denied a constitutional right. *See* United States ex rel. Harrison v. Pace, 357 F. Supp. 354 (E.D.Pa.1973): *see generally* Davis, Administrative Law § 28.02. Where constitutional rights are alleged to have been violated, judicial review cannot be absolutely barred, and, as the Supreme Court has recently reiterated, "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime. There is no iron curtain drawn between the Constitution and the prisons of this country." Wolff v. McDonnell, 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974).

■ Therefore, if it has been alleged that an agency such as the board of parole has made a decision taking into consideration information which may not constitutionally be considered, even the near absolute nature of the board's discretion will not bar judicial review to insure the protection of constitutional rights. If then a sentence cannot be founded even "in part upon misinformation of constitutional magnitude," 404 U.S. at 447, 92 S.Ct. at 92, neither can a decision as to the manner in which the sentence will be served (implicating as it does important interests in liberty, *see* Morrissey v. Brewer, 408 U.S. 471, 480–82, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)) be founded upon *constitutionally invalid information.* If a prisoner cannot be sentenced "on the basis of assumptions concerning his criminal record which were materially untrue," *Id.,* quoting Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), then neither can a decision which affects his freedom, however restricted, be based on constitutionally impermissible considerations.

■ The government might correctly respond to this analysis that the board's discretion is not limited to formal conviction of past crimes, but rather encompasses all manner of information bearing upon rehabilitation potential, community safety, and the like. To this argument the court would respond only that this precise argument was raised in *Tucker* with regard to the sentencing judge's discretion, but the Supreme Court found it unpersuasive to prevent a remand for reconsideration. 404 U.S. at 446, 92 .S.Ct. 589. If the prior convictions involved here were in fact uncounselled and were in fact considered by the parole board, a similar reconsideration, without the taint of these unconstitutional priors, is warranted.

In the government's return to petitioner's § 2255 motion to vacate sentence in the District Court for the District of South Carolina, it was admitted that in six cases on petitioner's extensive record, he did not have the assistance of counsel. *See* "Supplemental Return," filed January 17, 1973, Wren v. United States, No. 72–1193 (D.S.C. opinion dated March 26, 1973). The question thus remains whether the parole board in fact considered these six admittedly unconstitutional convictions or any other of the convictions which may be found to have been uncounselled. *Compare* United States v. Battaglia, 478 F.2d 854 (5th Cir. 1972). With respect to this question the government contends that petitioner assumes the burden of alleging and proving that the board did consider them.

■ In Mitchell v. United States, 482 F.2d 289 (5th Cir. 1973), the Fifth Circuit stated that the § 2255 petitioner is "not required to secure an affirmative finding that reliance on prior invalid convictions *enhanced* his sentence," but only that "the sentencing judge *considered* constitutionally invalid convictions, so that the sentence was imposed not 'in

the informed discretion of a trial judge, but [was] founded at least in part upon misinformation of constitutional magnitude.' [Citing *Tucker, supra.*]" 482 F. 2d at 291. It is, therefore, the burden of the one who challenges a sentence to demonstrate that it was founded upon a tainted record. United States v. Rollerson, 491 F.2d 1209, 1213 (5th Cir. 1974). *Tucker* requires a remand where the sentencing judge gives *explicit* consideration to a prior invalid conviction; where the record fails to disclose that the sentencing judge did give consideration to such a conviction, even if a record of it is included in the presentence report that was before him, no remand is required. *See* Rogers v. United States, 466 F.2d 513 (5th Cir. 1972), cert. denied, 409 U.S. 1046, 93 S.Ct. 546, 34 L.Ed.2d 498 (1972). There is no requirement that a defendant be sentenced by a judge who has *no* knowledge of the prior invalid conviction. United States v. Gaither, 503 F.2d 452 (5th Cir. 1974).

 Similarly, this court declines to presume that the parole board considered the prior convictions in issue in the absence of some affirmative showing by the petitioner that the parole board did in fact consider them. It is undisputed

that the parole board does, as a matter of policy, take into consideration an applicant's prior criminal record, 28 C.F.R. § 2.19(c), but it does not necessarily follow that the board did consider the challenged 1954 and 1960 convictions in making its decision to deny parole. If petitioner can make a showing that the six admittedly uncounselled convictions were considered in the parole decision, he is entitled to reconsideration by the parole board without the taint of these six invalid convictions.[2]

 If petitioner can make a showing that the parole board also considered other of his 1954 and 1960 convictions which he contends to have been, but which the government has not admitted were, uncounselled, then he is also entitled to file an appropriate collateral attack on those convictions. If he does so, and the record shows that he was not represented by counsel or is silent with regard to representation by counsel, then the government (if it wishes to rely on these convictions) will bear the burden of proving on the preponderance of the evidence that petitioner was in fact represented by counsel or that he validly waived the right thereto. Mitchell v. United States, 482 F.2d 289,

---

2. Under this court's en banc decision in Mitchell v. Sigler, 389 F.Supp. 1012, No. C74–1706A (N.D.Ga.1975), an applicant for parole release prior to September 3, 1974 is entitled to a brief statement of the grounds for denial, pursuant to 5 U.S.C. § 555(e) of the Administrative Procedure Act. Parole applicants subsequent to September 3, 1974, are subject to the Parole Board's new regulations, 28 C.F.R. § 2.1, et seq. (1974), particularly § 2.13(a) which provides that the prisoner is entitled to know the reasons for the denial of his parole application. If the board considered prior convictions which the prisoner contends are invalid, petitioner may well be able to make a showing of such improper consideration based upon the stated reasons for which the board denies parole.

Since the petitioner here applied for parole before the new regulations became effective, he is entitled to a statement of reasonably specific reasons for the denial of his application, pursuant to the mandate of Mitchell v. Sigler, *supra*. "From a legal standpoint, requiring a statement of reasons makes it possible to check abuse or error. There is no

way to discover if the Board is denying parole for an unconstitutional or improper reason if the Board never gives reasons for its decisions." Johnson, "Federal Parole Procedures," report submitted to the Administrative Conference of the United States on January 1, 1972, 25 Ad.L.Rev. 459, 484–85 (Fall, 1973). The court, however, declines to place the burden on the parole board to prove that it did not consider certain convictions; the court assumes, rather, that the reasons stated by the parole board will be sufficiently specific and meaningful to enable the prisoner to determine whether "unconstitutional or improper" considerations were involved.

However, before "Wren" becomes a household word among the federal prison population, this court strongly emphasizes that a petitioner's mere unsupported allegation that unconstitutional considerations were involved in a parole decision will not be sufficient to invoke judicial review of that decision in this court. Unless the petition contains facts sufficient to support a *prima facie* case, it will be dismissed by the court *sua sponte*.

296 (5th Cir. 1973). On the other hand, if petitioner is unable to show that the convictions were even considered by the parole board, no collateral attack on them is necessary, and the government, of course, assumes no burden of proof. The issue of the invalidity of the prior convictions becomes irrelevant if there is no showing that they were in fact considered by the parole board.

Accordingly, judgment in this case will be stayed pending the parole board's compliance with this court's mandate in Mitchell v. Sigler, *supra*; defendant is hereby ordered to submit to this court a copy of the statement of reasons for denial of parole which is sent to petitioner. If, within thirty (30) days thereafter, petitioner does not satisfy this court that the parole board considered the six admittedly invalid convictions and/or the other challenged prior convictions, the petition will be dismissed. If, on the other hand, a satisfactory showing is made, this court will take further steps appropriate to insure that the parole board's new decision on petitioner's parole application does not rely upon "misinformation of constitutional magnitude."