**Daniel E. JACKSON, Petitioner,**

v.

**Pleasant C. SHIELDS et al., Respondent.**

**Civ. A. No. 77–0363–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Sept. 12, 1977.

Daniel E. Jackson, pro se.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

MEMORANDUM OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

Petitioner, a prisoner at Bland Correctional Center, has brought this action under 42 U.S.C. § 1983. Petitioner seeks relief from this court alleging that the named respondents unconstitutionally denied him parole due to his two previous felony convictions. The respondents have moved to dismiss this complaint. The petitioner in his traverse to the motion to dismiss alleges that the Board overlooked relevant evi-

dence and "acted in an arbitrary and capricious manner."

The facts are virtually undisputed. On May 14, 1976, after consideration of the petitioner's parole application, one of the respondents, Shields, a member of the Virginia Parole Board, (hereinafter, "Board") notified the petitioner that the Board felt that the petitioner was "not a good risk" for parole. This letter stated that the reason for the parole denial was the petitioner's "serious prior record including two previous felony convictions." On June 1, 1977, a similar notification was sent to the petitioner following determination of his second parole application. Respondent Shields stated that the Board was "still deeply concerned about" the petitioner's "serious prior record of illegal behavior." On July 22, 1977, following petitioner's appeal of the parole denial, Shields advised petitioner that he had reviewed his case file and could "find no basis on which to justify further consideration" at the time.

It is the rule that members of "Boards of Parole" are "given absolute discretion in matters of parole." *Tarlton v. Clark*, 441 F.2d 384 (5th Cir. 1971). This language means only that courts cannot properly grant a parole or determine eligibility for parole. The standard of review enunciated in *Wren v. United States Board of Parole*, 389 F.Supp. 938 (N.D.Ga.1975) is applicable in the instant case. The court in *Wren* states that "it is not the function of the judiciary ordinarily to review denials of parole or to review the credibility of information relied upon for such denials, it is nonetheless clear that agency decisions are reviewable where the agency has acted in *an arbitrary or capricious manner*, where it *has abused its discretion*, or where the petitioner is being denied a constitutional right." (Emphasis added)

Section 53–251, Code of Virginia (1950), as amended, deals with eligibility for parole. And, for this reason, the Constitution requires that the procedures, utilized by the State in determining whether such expectation of liberty will be granted, must be "fundamentally fair." *Franklin v. Shields*,

399 F.Supp. 309, 315 (W.D.Va.1975). In *Bradford v. Weinstein*, 519 F.2d 728 (4th Cir. 1974), the court held that the due process clause of the Fourteenth Amendment applied to the conduct of proceedings by a parole board in states which undertook to grant paroles to certain prisoners before service of entire sentences.

And when parole is not granted, a written statement of reasons for the denial is necessary. The main reason for such writing is "that it helps to assure that the Board's decision was not based on an erroneous assumption of fact." *Sites v. McKenzie*, 423 F.Supp. 1190, 1196 (N.D.W.Va. 1976); *Childs v. United States Board of Parole*, 371 F.Supp. 1246, 1248 (D.D.C.1973). This court agrees with the due process standards enunciated in *Franklin v. Shields, supra*, in that "such reasons should be clear and precise as possible, however, as a constitutional proposition such reasons need only be substantially related to the criteria found to be constitutionally requisite. . . . The Board requires a large degree of discretion in exercising its judgment, and the court does not believe that a detailed narrative justifying the denial of parole is constitutionally required." *Franklin v. Shields*, 399 F.Supp. 309, 318–19 (W.D.Va.1975).

■ In following the standards set forth by the court in *Franklin v. Shields, supra*, this court finds that the procedure followed in the instant case of supplying general reasons which are substantially related to the parole decision criteria is constitutionally sufficient.

■ Furthermore, the fact that the Virginia Parole Board took the prisoner's (petitioner's) prior criminal record into consideration in determining his eligibility for parole was not, without more, a basis for concluding the Board had considered any prior unconstitutional convictions. *See Wren v. U. S. Board of Parole*, 389 F.Supp. 938 (N.D.Ga.1975).

Apparently, the petitioner is alleging that his prior felony conviction(s) are invalid,

and therefore cannot be considered by the Board. In the case of the *United States v. Francischine*, 512 F.2d 827 (5th Cir. 1975), cert. den. 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261, that court held that the underlying validity of a conviction cannot be asserted as a defense in a probation revocation proceeding, and that a district court has jurisdiction to consider a petition for revocation of probation as if the underlying conviction were unquestioned, "until such time as the conviction has been judicially set aside." This court believes that this is the proper stance for a parole board when considering parole applications. The parole hearing in Virginia is not a formal trial. The Board members must be able to rely upon seemingly valid convictions. And until the alleged unconstitutional convictions are judicially nullified, their underlying validity cannot reasonably be an incremental factor in consideration of parole by the Board.

■ Accordingly, this court finds that the standards and criteria utilized by the respondents with respect to granting of parole are sufficient to satisfy the constitutional requirements of due process. For the foregoing reasons, the court concludes that the motion of the respondents to dismiss the complaint must be sustained.