**Richmond**

ALFREDO GARRETT

v.

COMMONWEALTH OF VIRGINIA

No. 1035-90-1

Decided March 24, 1992

Counsel

B. Thomas Reed, for appellant.

Kathleen Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

ELDER, J.—Alfredo Garrett, defendant, was convicted of two attempted robberies, four robberies, and six counts of use of a firearm in the commission of a felony. The trial court sentenced him to thirty-seven years in prison and suspended an additional sixty-five years for a period of twenty years. On appeal, defendant asserts that the trial court erred in denying his motion for a ruling that his offenses were part of a common scheme pursuant to Code § 53.1-151(B)(1).[1] For the reasons stated herein, we affirm the judgment of the trial court.

From November 11 through November 21, 1989, defendant, then nineteen years old, and two accomplices, both seventeen, committed four armed robberies in the Bayview area of Norfolk.[2] At about midnight on November 11, 1989, defendant, Lamont Wellingham, and David Moore followed the car of Geneva Wood, age sixty-five, and her husband, James Wood, age sixty-six, to the Woods' driveway. Moore, the driver, carried a .22 caliber pistol. Moore parked around the corner from the Woods' home and, with Wellingham, approached the Woods. Defendant remained behind in the car. As Mrs. Wood opened her car door to get out, she felt someone grab her arms as though to pull her from the car. After ripping her purse from her arm, her assailant fled when she threw a glass of water in his face. Mrs. Wood was unable to identify her assailant. She also did not know that, at the moment she was being robbed, her husband was being accosted on the other side of

---

[1] Code § 53.1-151(B)(1) provides:
Any person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole.

[2] In its brief, the Commonwealth correctly notes that, because defendant's two convictions for attempted robbery are not predicate offenses under Code § 53.1-151(B)(1), they are not pertinent to the questions presented on appeal.

the car by a second, armed assailant. Defendant received twenty dollars of the money taken from Mrs. Wood's purse.

The second robbery occurred five days later, at about 9:00 p.m. on November 16, 1989. After following Phyllis Lashus, age forty-eight, as she drove home alone from a grocery store, defendant, Moore, and Wellingham parked down the street from her driveway. This time Wellingham stayed behind in the car as defendant and Moore approached Ms. Lashus outside her home. Moore pointed a gun at Ms. Lashus and demanded her purse, which she handed over. The two assailants then fled, later discarding the purse on a dead end street. Once again, defendant's share of the stolen money was twenty dollars.

The third and fourth robberies took place five days later. Just before midnight on November 21, 1989, defendant, Wellingham, and Moore followed Dorothy and Irwin Bregman, both age seventy, home from a grocery store. Parking down the street from the Bregmans' home, all three left the car. Wellingham approached Mrs. Bregman as she walked toward the stairway to her house, gently lifted her handbag from her arm, and ran away. While Wellingham was robbing Mrs. Bregman, defendant and Moore approached Mr. Bregman as he retrieved groceries from the back seat of his car. Moore pointed a gun at Mr. Bregman's head and demanded his wallet. The two assailants then fled. Defendant gave his share of the stolen money to Wellingham to pay for gas.

Defendant consented to be tried by a judge on all charges at the same time. Following his convictions, he asked the court to include in its sentencing order the determination that, for purposes of parole eligibility pursuant to Code § 53.1-151(B)(1), the robberies were part of a common scheme. The trial court indicated in comments from the bench that the offenses involving the Bregmans were part of a common scheme but that the Wood and Lashus crimes were not. The trial court's final sentencing order made no reference to any finding concerning whether the offenses constituted a common scheme for purposes of Code § 53.1-151(B)(1).

Two questions are presented on appeal. First, did the trial court have authority to determine whether defendant's robbery convictions were part of a common act, transaction or scheme, and thereby affect his eligibility for parole pursuant to Code § 53.1-

151(B)(1)? Second, did the trial court err in finding that the robberies for which defendant was convicted were not part of a common act, scheme or transaction for purposes of determining parole eligibility pursuant to Code § 53.1-151(B)(1)? Because we find that the trial court did not have authority in these circumstances to determine defendant's eligibility for parole, we do not reach the second question.

 Boards of parole are "given absolute discretion in matters of parole." *Jackson v. Shields*, 438 F. Supp. 183, 184 (W.D. Va. 1977). In other words, "courts cannot properly grant a parole or determine eligibility for parole." *Id.* Courts consider the issue of eligibility for parole only where the decision by the responsible agency is "arbitrary or capricious," where the agency "has abused its discretion, or where the petitioner is being denied a constitutional right." *Id.* (citations and emphasis omitted).

If a court is ever to address the question whether defendant's crimes were part of a common scheme, and it is not at all certain the question will ever arise, it will do so only pursuant to a determination by the parole board that defendant, because his crimes were not part of a common scheme, is not eligible for parole. Here, no such denial has occurred. A parole board has not yet exercised its authority to determine defendant's parole eligibility status under Code § 53.1-151(B)(1). Absent such circumstances, the question was not properly before the trial court.

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*

Koontz, C.J., and Bray, J., concurred.