# CIRCUIT COURT OF WESTMORELAND COUNTY

Hayes Johnson

v.

Ronald J. Angelone et al.

March 7, 1996

By Judge Joseph E. Spruill, Jr.

The petitioner in this habeas corpus proceeding requests his release from custody of the Department of Corrections claiming the decision of the Parole Board denying him parole is an abuse of discretion, is arbitrary and capricious, and denies petitioner due process and equal protection of the law.

The petitioner, who was most recently sentenced on January 2, 1986, to an aggregate term of fifteen years, has been regularly considered for parole since becoming eligible. He has been denied parole for reasons set forth in communications to him from the Parole Board, those reasons being the serious nature and circumstance of the offense and his prior criminal history.

Petitioner has requested extensive discovery involving all data related not only to him but to all other prisoners who have been incarcerated since January 1, 1985. The Commonwealth has objected to the discovery request and has moved the Court to dismiss the petition.

The motion to dismiss the petition must be granted.

A writ of habeas corpus will only be granted when the person in custody can demonstrate that his current incarceration is unconstitutional to the point where release from incarceration is mandated. *Blowe v. Peyton*, 208 Va. 68 (1967).

Virginia has a discretionary parole system. The Parole Board is expressly authorized by Virginia law to promulgate rules and regulations governing parole release. Virginia Code § 53.1-136(1) *et seq*. The decision whether to release on parole is left to the sound discretion of the Parole Board. *Garrett v. Commonwealth*, 14 Va. App. 154 (1992).

As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not violative of the Constitution, the due process clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight. *Gaston v. Taylor, etc.*, 946 F.2d 340 (4th Cir. 1991).

The Parole Board has absolute discretion in matters of parole. It is not the function of the judiciary to review denial of parole unless there is some showing that the Parole Board has acted in an arbitrary or capricious manner or that the petitioner has been denied some constitutional right. *Jackson v. Shields*, 438 F. Supp. 183 (W.D. Va. 1977). No such showing has been made out here.

Although petitioner may have become a model prisoner and appears to have matured and have a job and family support when he is released, he nonetheless has no absolute right to be paroled. Parole is a discretionary privilege, not a protected liberty interest.

There is nothing in this record to establish that the Virginia Parole Board has acted in an arbitrary or capricious manner. There is nothing to suggest that the petitioner has been denied the equal protection of the laws. The opportunity for parole is only a "mere hope" and not a legitimate expectation of freedom implicating due process; there is no reason to conclude on this record that petitioner has been in any way denied due process.

For these reasons, the writ will be denied. The discovery issues therefore become moot.