Charles Michael SMITH, No. 099575, Petitioner,

v.

Ronald J. ANGELONE, Director, Virginia Department of Corrections, Respondent.

Civ.A. 2:98CV1245

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 30, 1999.

**613**

Charles Michael Smith, State Farm, VA, petitioner pro se.

Mark R. Davis, Senior Assistant Attorney General, Criminal Law Division, Office of the Attorney General, Richmond, VA, for respondent.

*MEMORANDUM OPINION AND FINAL ORDER*

REBECCA BEACH SMITH, District Judge.

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1998). The matter was referred to United States Magistrate Judge William T. Prince, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of United States District Court for the Eastern District of Virginia, for report and recommendation. The Report and Recommendation of the Magistrate Judge, filed on July 16, 1999, recommended denial of the petition. By copy of the Report and Recommendation, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge.

The Court received petitioner's "Re–Objection to Magistrate Judge's Report and Recommendation" on or about August 3, 1999, and "Petitioner Response—To Respondent Objections to the Magistrate Judge Report and Recommendation" on or about August 11, 1999. The Court also received the respondent's "Limited Objection to the Magistrate Judge's Report and Recommendation" on or about August 2, 1999.

Having reviewed the Report and Recommendation, as well as the objections filed thereto by the petitioner and the respondent, the Court finds that the petitioner's claims are barred by the statute of limitations. Although the Report and Recommendation explained that it was unable to dispose of Smith's federal habeas petition under the statute of limitations due to insufficient information initially provided by the respondent, (Report and Recommendation at 7), a review of the record, the respondent's subsequent filing, and the Virginia State Code, convinces this Court that the statute of limitations does in fact bar the petitioner's federal habeas claims.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted into law, instituting a one-year statute of limitations for federal habeas petitions brought by persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1). In particular, § 2244(d)(1) provides:

[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...

Respondent contends that as a result of AEDPA, the one-year limitation period precludes this Court's review of Smith's

federal habeas petition. For reasons outlined below, this Court agrees with the respondent.

In 1993, the Virginia Department of Corrections found that petitioner was ineligible for parole pursuant to Virginia Code § 53.1–151(B1) (Michie 1998), commonly known as the "three-time loser law."[1] This finding of parole ineligibility was then appealed to the Virginia Parole Board, which reviewed and subsequently denied Smith's appeal on September 4, 1996. Smith's federal habeas petition now claims a violation of various rights as a result of the 1993 finding that he was ineligible for parole. Respondent argues in his objection to the report and recommendation that the Virginia Parole Board's denial of Smith's appeal was a final administrative decision constituting a final "judgment" under 28 U.S.C. § 2244(d)(1)(A), thereby triggering the start of AEDPA's statute of limitations. (Resp't Limited Objection, 2–3.) Accordingly, Smith then had one year, or until September 4, 1997, at the latest, to file his federal habeas petition. Smith filed his federal habeas petition on or about November 3, 1998.

Virginia Code § 53.1–151(B1) explicitly grants the Virginia Parole Board discretionary authority to review Virginia Department of Corrections parole decisions under the "three-time loser law."[2] However, no explicit statutory authority within that section provides for appellate review of the Parole Board's final determination. Virginia's Administrative Process Act ("APA"), Virginia Code § 9–6.14:1 et seq., provides a means of direct judicial review of certain "agency actions." For the purposes of the chapter, "agency action" is statutorily defined as either an agency regulation or a case decision. See Va.Code § 9–6.14:4 (Michie 1998). At first, a final determination by the Virginia Parole Board may seem to be a "case decision" within the scope of the statute such that direct judicial review of the determination would be proper under the terms of the APA. However, pursuant to Section 9–6.14:4.1(B)(9) of the Virginia Code, agency actions relating to "inmates of prisons or other such facilities, or parolees therefrom" are exempt from the provisions of the APA such that no direct review is statutorily warranted. Va.Code § 9–6.14:4.1(B)(9) (Michie 1998 & Supp.1999).

Boards of parole are "given absolute discretion in matters of parole." *Garrett v. Commonwealth*, 14 Va.App. 154, 415 S.E.2d 245, 247 (1992) (citing *Jackson v. Shields*, 438 F.Supp. 183, 184 (1977)); see also *Johnson v. Angelone*, 42 Va.Cir. 6, 103 F.3d 118 (1996). Courts cannot properly grant, determine eligibility for, or set the terms of, parole. See *Garrett*, 415 S.E.2d at 247; *Johnson*, 42 Va.Cir. at 7, 103 F.3d 118. "Courts consider the issue of eligibility for parole only where the decision by the responsible agency is "arbitrary and capricious," where the agency has abused its discretion, or where the petitioner is being denied a constitutional right." *Garrett*, 415 S.E.2d at 247. Accordingly, Smith could indeed challenge the finding

1. The Virginia statute provides, in relevant part, that "[a]ny person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole." Va.Code § 53.1–151(B1) (Michie 1998). Petitioner was convicted in the Portsmouth Circuit Court on May 11, 1972, of rape and sexual assault. Two months later, on July 6, 1972, petitioner was convicted in the same court on a count of second degree homicide. After being released from the Virginia Department of Corrections on January 21, 1981, on discretionary parole, Smith was convicted of two counts of robbery in the Norfolk Circuit Court on November 1, 1985.

2. The statute provides, in relevant part, "[i]n the event of a determination by the Department of Corrections that an individual is not eligible for parole under this subsection [the "three-time loser law"], the Parole Board may in its discretion, review that determination, and make a determination for parole eligibility pursuant to regulations promulgated by it for that purpose." Va.Code § 53.1–151(B1) (Michie 1998).

that he is ineligible for parole. The proper vehicle, however, for challenging the Parole Board's determination on the limited grounds available, is a collateral attack through a state habeas corpus petition, which Smith filed. *See Smith v. Warden of the Greensville Correctional Center,* Record No. 971869 (Va. Jan. 21, 1998) (unpublished); *see generally Johnson,* 72 Va.Cir. 6, 103 F.3d 118 (Parole Board decision challenged by habeas corpus). Therefore, since there is no direct appellate review in state court, once made, decisions from the Virginia Parole Board are final within the meaning of 28 U.S.C. § 2244, triggering AEDPA's statute of limitations for federal habeas corpus.

The running of AEDPA's limitation period is tolled for a person in state custody during the pendency of state collateral proceedings, such as state habeas review. *See* 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) states:

> [t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Smith filed his state habeas petition with the Supreme Court of Virginia on September 4, 1997, thereby tolling AEDPA's one-year limitation period on the same day in which it would have run out. The Supreme Court of Virginia subsequently denied Smith's state habeas petition on January 21, 1998, which reinitiated the running of the original one-year limitation period. Smith, to his detriment, then waited an additional ten months before filing his federal petition, on or about November 3, 1998. Since all but one day of AEDPA's limitation period had run at the time it was tolled by Smith's state habeas petition, and Smith then delayed filing his federal habeas petition for ten months after his state habeas petition was denied, his claims are clearly barred by AEDPA's one-year limitation period.

Accordingly, for the reasons stated above, the Court ORDERS the petition DENIED and DISMISSED as time-barred. Petitioner may appeal from the judgment entered pursuant to this Memorandum Opinion and Final Order by filing a *written* notice of appeal with the clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of this judgment. For the reasons reflected above, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, also declines to issue a certificate of appealability.

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.