## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Ollin R. Crawford,
a/k/a Ollin R. Conyers

July 14, 2004

Case No. (Criminal) K044024

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on the Defendant's Amended and Renewed Motion to Amend Sentencing Order. Both parties submitted briefs prior to the July 2, 2004, hearing. At the conclusion of oral argument, the Court took this matter under advisement.

The Court has fully considered the briefs submitted as well as the oral arguments of both parties, and, for the reasons set forth below, the Court denies the Defendant's Motion to Amend Sentencing Order.

The Defendant requests that this Court amend her sentencing order *nunc pro tunc* to reflect that the crimes of which she was convicted were part of a common scheme or plan. As there is no request to modify, vacate, or suspend the Defendant's sentence, neither Virginia Supreme Court Rule 1:1 nor § 19.2-303 of the Virginia Code are implicated in the motion before the Court.

The Court's power to amend *nunc pro tunc*, while inherent and independent of statute, is not unlimited. The Court may "make an entry *nunc pro tunc* in order to correct its records so that they will speak the truth. . . ." *Council v. Commonwealth*, 198 Va. 288, 293, 94 S.E.2d 245 (1956). However, "it is not the function of such entry by a fiction to antedate the actual performance of an act which never occurred, to represent an event as occurring at a date prior to the time of the actual event, 'or to make the record show that which never existed'." *Id.*

The issue before the Court, then, is whether the power to amend the sentencing order *nunc pro tunc* exists in the case at bar. This Court agrees that "sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." *Carter v. Commonwealth*, 199 Va. 466, 469, 100 S.E.2d 681 (1957), *citing Hudson v. Youell*, 179 Va. 442, 19 S.E.2d 705 (1942). However, the Court does not have jurisdiction to amend *nunc pro tunc* "if the mistake is one committed in the exercise of the judgment or discretion of court, a judicial error. . . ." *Teasley v. Commonwealth*, 188 Va. 376, 381, 49 S.E.2d 604 (1984).

In *Netzer v. Reynolds*, 231 Va. 444, 345 S.E.2d 291 (1986), the Court amended a Final Decree of Divorce sixteen years after entry to correctly reflect the parties' last place of cohabitation based on an "uncontroverted record." 231 Va. at 449. The amendment *nunc pro tunc* was appropriate because "there [was] ample unrefuted 'record evidence' that the last place of marital cohabitation ... was in the City of Alexandria." *Id.* at 450. The same cannot be said in the case at bar as there is no "unrefuted record evidence" from which the Court can conclude that the Sentencing Order is in error. Unlike *Netzer*, where there was unrefuted evidence in the record which was not reflected in the Final Decree of Divorce, evidence was never presented either supporting or denying the existence of a common scheme. As the trial court never made a finding of common scheme or plan in the record, the *Netzer* rationale allowing amendment *nunc pro tunc* is inapplicable.

As a peripheral matter, the Court notes that its ruling is not based on *Garrett v. Commonwealth*, 14 Va. App. 154, 415 S.E.2d 245 (1992). This Court's interpretation of *Garrett* is that a trial court does not have the power to determine a common scheme solely for purposes of parole eligibility. *Id.* at 157. The Court does not read *Garrett* to hold that a trial court may never make a determination of common scheme. As such, *Garrett* is not controlling.

The Defendant also argues that the Commonwealth only may charge multiple offenses in one indictment if the crimes represent a common scheme or plan. Therefore, the Defendant contends, because all five crimes were charged in one indictment, the Court has no discretion to make a finding other than common scheme. This Court does not agree.

"Two or more offenses, any of which may be a felony or misdemeanor, may be charged in separate counts of an indictment or information if the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan." Va. Sup. Ct. Rule 3A:6(b). This Rule has been interpreted to mean that the Commonwealth may charge multiple offenses in one indictment in the

context of three separate scenarios. *Godwin v. Commonwealth*, 6 Va. App. 118, 122, 367 S.E.2d 520 (1988).

First, multiple offenses may be charged in one indictment if they are part of "the same act or transaction." *Id*. Second, multiple offenses may be charged in one indictment if they "arise out of two or more acts or transactions that are connected." *Id*. Finally, multiple offenses may be charged in one indictment if they "constitute parts of a common scheme or plan." *Id*.

The Court has discretion to direct that an accused be tried at one time for all offenses then pending against him if justice does not require separate trials and either (i) the offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's Attorney consent thereto. Va. Sup. Ct. Rule 3A:10(c); accord *Godwin*, 6 Va. App. at 121; *Ferrell v. Commonwealth*, 11 Va. App. 380, 386, 399 S.E.2d 614 (1990); *Cheng v. Commonwealth*, 240 Va. 26, 33, 393 S.E.2d 599 (1990); *Traish v. Commonwealth*, 36 Va. App. 114, 129, 549 S.E.2d 5 (2001). In each of the above-cited cases, there was no consent to joinder and the trial court denied the Defendant's Motion to Sever, making a finding under Rule 3A:10(c)(i) that the offenses met the requirements of Rule 3A:6(b).

The Defendant, in her reliance on Rule 3A:6(b), ignores application of Rule 3A:10(c)(ii). The Defendant attempts to find unrefuted evidence of a common scheme determination pursuant to Rule 3A:6(b) yet disregards the Rule 3A:10(c)(ii) consent clearly contained in the record. It is possible that the trial court could have determined the existence of a common scheme or plan at a hearing on the Motion to Sever.[1] It is also possible that the trial court could have ordered a joinder based on one of the other 3A:6(b) categories. The uncontroverted record in this case, however, demonstrates that the Defendant withdrew her Motion to Sever, indicating her consent to one trial on all five charges. As there was consent under Rule 3A:10(c)(ii), the trial court was not required to make a finding of common scheme under Rule 3A:10(c)(i) for purposes of a joint trial. Thus, there was no Rule 3A:6(b) finding and, therefore, nothing in the record that allows this Court to amend the Sentencing Order *nunc pro tunc*.

A *nunc pro tunc* order "may be used to make the record speak the truth, but not to make it speak what had not been spoken, even though it ought to

---

[1] This Court notes that, although possible, such a finding was improbable. "A 'common plan' exists when the 'relationship among offenses . . . is dependent upon the existence of a plan that ties the offenses together and demonstrates that the objective of each offense was to contribute to the achievement of a goal not attainable by the commission of any of the individual offenses. . . .' *"Godwin v. Commonwealth*, 6 Va. App. 118, 122-23, 367 S.E.2d 520 (1988). A common plan does not mean "multiple offenses of a similar nature committed by the same people." *Cook v. Commonwealth*, 7 Va. App. 225, 228, 372 S.E.2d 780 (1988).

have been spoken." *Brake v. Payne*, 268 Va. 92, 597 S.E.2d 59 (2004), *quoting Gandy v. County of Elizabeth City*, 179 Va. 340, 346, 19 S.E.2d 97 (1942). The Court does not have jurisdiction to speculate on what the trial court would have done had the common scheme issue been raised.[2]

The Defendant's Amended and Renewed Motion to Amend Sentencing Order is denied.

---

[2] This Court denied a previous motion to modify the sentencing order as submitted by the Defendant *pro se*. The Court notes that it lacked jurisdiction pursuant to Rule 1:1 and § 19.2-303 to modify or change the sentence at that time; as such, any explanation beyond the jurisdictional bar set forth in its February 12, 2002, letter to the Defendant can only be dicta.