**UNITED STATES of America, Appellee,**

v.

**Ronald Lee SPARKS, Appellant.**

**No. 76–1968.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 17, 1977.

Decided July 18, 1977.

Dan Burke, Alexandria, Va., for appellant.

John Mulcahy, Third Year Law Student (William B. Cummings, U.S. Atty., J. Frederick Sinclair, Asst. U.S. Atty., John M. Nannes, Sp. Asst. U.S. Atty., on brief) for appellee.

Before BUTZNER and HALL, Circuit Judges, and COPENHAVER, District Judge.*

COPENHAVER, District Judge:

Ronald Lee Sparks was indicted on one count of making and drawing a check for payment of money upon a bank with intent to defraud, knowing at the time of drawing that he did not have sufficient funds or credit with his bank to cover the amount of the check. The action with which Sparks was charged constitutes a violation of Va. Code § 18.2–181, as amended. Inasmuch as the drawing of the check occurred at Dulles International Airport, the action was likewise a violation of 18 U.S.C.A. § 13 (1969). Sparks was found guilty by a jury and sentenced.

Sparks appeared at the Pan American Airlines counter at Dulles to pick up and pay for his ticket which he had previously ordered for an intercontinental flight scheduled for departure the same day. As the ticket agent completed the ticket, he asked Sparks as to the form of payment. Sparks replied that he would pay by personal check and proceeded to make out the check in the agent's presence. The agent advised Sparks that a personal check in payment of international travel was not acceptable when not presented at least five days prior to the flight, unless verification of funds on deposit sufficient to cover the check was obtained from the passenger's bank. Sparks, after inviting the agent to call his bank to check his account, handed the check to the agent. The agent thereupon caused Sparks' bank to be contacted and learned that the funds on deposit were insufficient to cover the check. The agent also learned that Sparks had given Pan American two bad checks just nine days earlier. The agent then stalled long enough for the police to arrive and arrest Sparks.

Sparks raises two issues on appeal. First, he contends that discovery by the payee of the check that it was worthless before the transaction was completed precludes a conviction under the Virginia statute. Second, he insists that evidence of prior worthless checks given by him to this same payee was highly prejudicial and ought to have been excluded. We reject both contentions.

■ Under the facts of this case, the jury was warranted in finding that Sparks was guilty of making and drawing a check with intent to defraud, knowing that he was without sufficient funds in his account to pay the check. The check was not received by the payee with knowledge or reason to believe that funds on deposit were insufficient to cover the check, as in *Hubbard v. Commonwealth*, 201 Va. 61, 109 S.E.2d 100 (1959). Nor was there an agreement or understanding between Sparks and the Pan American agent that the check was not to be accepted in payment of the ticket unless the agent first contacted the bank and found sufficient funds on deposit. Rather, Sparks tendered the check in payment. Whether or not the payee should choose to contact the bank remained optional with the payee. The jury could readily conclude that Sparks was engaged in a bluffing attempt calculated to show good faith when there was none. Sparks is not to be absolved of criminal responsibility for his ac-

* District Judge for the Southern District of West Virginia Sitting by Designation.

tions in attempting to pass his bad check simply because the payee of the check exercised the precaution of determining whether the check was good before releasing the ticket to him.

 Finally, it is observed that evidence of the two prior worthless checks given by Sparks to the same airline was properly admitted for the purpose of showing both intent and knowledge on the part of Sparks, as permitted by Fed.R.Evid. 404(b).

*AFFIRMED.*