898 F.2d 148
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Gene GOLDEN, Defendant-Appellant.
 No. 88-5553.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 5, 1989.
Decided: Feb. 15, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Robert D. Potter, Chief District Judge. (CR-87-101-A)
 Ronald Carl True (Office of Michael T. Moore, on brief), for appellant.
 Clifford C. Marshall, Assistant United States Attorney (Thomas J. Ashcraft, United States Attorney; Jerry W. Miller, Assistant United States Attorney, on brief), for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and WILKINS, Circuit Judges.
 WILKINS, Circuit Judge:
 
 
 1
 Carl Gene Golden was convicted by a jury of violating 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1989) (possession of a firearm by a convicted felon). On appeal, Golden contends that the district court erred in denying his motion for a new trial. We affirm.
 
 
 2
 One of the elements of the offense the government was required to prove was that Golden had previously been convicted of "a crime punishable by imprisonment for a term exceeding one year." During the presentation of its case, the government introduced evidence that in 1982 Golden had been convicted of a felony, dealing in firearms without a license, and had been sentenced to two years imprisonment. Subsequently, during cross-examination, the government's attorney questioned Golden about another offense of which he had been convicted in 1969 involving the possession of a firearm by a convicted felon. Golden's objection to this line of questioning and to reference to this conviction during closing argument was overruled.
 
 
 3
 Golden asserts that he is entitled to a new trial because the district court erred in allowing the government to refer to his 1969 conviction. He contends that evidence of this conviction was erroneously admitted since Rule 609(b) of the Federal Rules of Evidence prohibits the admission of convictions over ten years old unless the probative value of the evidence substantially outweighs its prejudicial effect. Golden argues that his 1969 conviction had no probative value since it had already been established, as an element of the section 922(g) offense, that he had previously been convicted of a felony.*
 
 
 4
 We need not engage in an analysis of whether the district court erred in allowing reference to the 1969 conviction, for if error was committed it was harmless beyond a reasonable doubt. See United States v. Davis, 657 F.2d 637, 640 (4th Cir.1981). The evidence against Golden, absent any reference to his 1969 conviction, was overwhelming. Golden admitted at trial that he had possessed a firearm, that he is a convicted felon, and that he knew possession of a firearm was a violation of the law. Thus, we hold that any improper reference to the 1969 conviction was harmless beyond a reasonable doubt. See United States v. Blackburn, 592 F.2d 300, 301 (6th Cir.1979). Consequently, we affirm Golden's conviction.
 
 
 5
 AFFIRMED.
 
 WIDENER, Circuit Judge, dissenting:
 
 6
 I do not believe that the error mentioned in the majority opinion is harmless, so I respectfully dissent and would grant a new trial on the authority of United States v. Poore, 594 F.2d 39 (4th Cir.1979), and United States v. Tate, 715 F.2d 864 (4th Cir.1983).
 
 
 
 *
 Golden also contends that the evidence should not have been admitted since the government failed to give him advance written notice, as required by Federal Rule of Evidence 609(b), that it intended to introduce evidence of a conviction more than ten years old