**UNITED STATES of America**

v.

**Eric D. STENNETT**

**No. CR. CCB–02–0124.**

United States District Court, D. Maryland.

July 3, 2002.

Thomas M. DiBiagio, Office of Atty. Gen., Baltimore, MD, for U.S.

Joseph A. Balter, Alexandra Sasha Natapoff, Office of Fed. Public Defender, Baltimore, MD, Charles M. Curtis, Law Offices of Charles M. Curtis, Baltimore, MD, for defendant.

### MEMORANDUM AND ORDER

BLAKE, District Judge.

The government seeks to offer evidence under Fed. R. Ev. 404(b) that in April 2000 the defendant, Eric Stennett, possessed a 10mm Smith & Wesson semi-automatic handgun found in his 1984 Ford Bronco and two boxes of .38 caliber ammunition found in a 1980 Cadillac Fleetwood also registered to Stennett. This evidence is offered in connection with Count Two of the present indictment charging Stennett with knowing possession of a Harrington and Richardson .32 caliber revolver on March 9, 2002, in furtherance of a drug trafficking crime.

I have reviewed the numerous published and unpublished Fourth Circuit cases cited by the government and defense counsel, and considered the arguments made at a hearing in open court on July 2, 2002. The applicable four-part test is stated in *U.S. v. Queen,* 132 F.3d 991, 997 (4th Cir.1997).

I find this case more closely controlled by *U.S. v. Hernandez,* 975 F.2d 1035 (4th Cir.1992), *U.S. v. Sanders,* 964 F.2d 295 (4th Cir.1992) and *U.S. v. Tate,* 715 F.2d 864 (4th Cir.1983) than the cases relied on by the government. Stennett's proffered defense is essentially that the officers are incorrect, and that the gun found subsequent to his being stopped on March 9, 2002 was not his, nor did he possess it. In isolation, the proposed stipulations or testimony limited to Stennett's possession of an unrelated firearm and unrelated boxes of ammunition on a date almost two years earlier have little or no relevance to whether he knowingly possessed a firearm on March 9, 2002, or whether he possessed it in furtherance of a drug trafficking

crime. In light of the time delay, the lack of any specific similarity between the weapons and the ammunition, and the absence of any other connection that would rebut some factual aspect of the anticipated defense, the probative value of this evidence for any legitimate purpose under Rule 404(b) appears minimal.[1]

Arguably, evidence of the prior possession would be more relevant if the surrounding circumstances indicating Stennett's connection to an allegedly drug-related shooting on April 20, 2000 were fully explored. The police chase that followed the shooting resulted in the death of a Baltimore City police officer, and the Smith & Wesson was recovered from Stennett's car after the collision. Applying Rule 403 under the fourth prong of *Queen,* however, it is clear that the probative value of the evidence would be substantially outweighed by its prejudicial nature: i.e., an unrelated shooting and the collision with a marked patrol car (even if mention of the officer's death could be avoided). Moreover, this would necessitate essentially a second trial within a trial, probably doubling the time required to present the case and diverting the jury's attention to a separate hotly disputed set of facts.

Accordingly, unless warranted by presently unanticipated developments during the trial, the government's request to offer evidence of Stennett's possession of a firearm and ammunition in April, 2000 is **Denied.**

---

1. *Cf. e.g. U.S. v. Ford,* 88 F.3d 1350, 1362 (4th Cir.1996) (not error to admit evidence of drug sale not charged in indictment but occurring during course of conspiracy, where defendant claimed to be merely a user); *U.S. v. Bailey,* 2002 WL 246636 (4th Cir.2002) (not error to admit evidence of shooting several days prior to arrest when it was probative of defendant's connection to residence where gun was found).